Filed 6/14/17 Unmodified opinion attached

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

|  |  |
|---|---|
| CHARLES KINNEY,<br><br>    Cross-complainant and<br>    Appellant,<br><br>    v.<br><br>MICHELE R. CLARK,<br><br>    Cross-defendant and<br>    Respondent. | B265267<br><br>(Los Angeles County<br>Super. Ct. No. BC354136)<br><br>ORDER MODIFYING OPINION<br>[NO CHANGE IN JUDGMENT] |

THE COURT:

IT IS ORDERED that the opinion filed herein on May 17, 2017, be modified in the following particulars:

On page 13, at the end of the first sentence in the first full paragraph, after the words "improper windfall," add the words "because it is as if she never incurred the attorney fees and costs," so that the sentence now reads:  Kinney also argues Clark was not entitled to collect on the December 15, 2008 order awarding her attorney fees and costs because her pre-petition debt to her attorneys was discharged in bankruptcy, so her

recovery on that award would constitute an improper windfall because it is as if she never incurred the attorney fees and costs.

On page 14, in line seven of the first partial paragraph, after the word "raised," add the word "properly," so that the sentence now reads:  Arguments that should have been raised properly in appellate case number B253093, regarding Clark's entitlement to collect on the December 2008 award, are not germane to our resolution of this appeal.

On page 14, at the end of the first partial paragraph, after the sentence modified above, add a footnote (which will be footnote number 7) stating:  As explained previously, Kinney filed the notice of appeal in appellate case number B253093 as attorney for his mother's trust and estate, although the claim of exemption was his own, and the trust and estate were not parties to the action in the trial court and did not seek to intervene in the action or vacate the order in the trial court.  Accordingly, we dismissed the appeal based on lack of standing.  Had Kinney appealed from the order himself in appellate case number B253093 as he should have done, and not circumvented the prefiling order by filing a notice of appeal on behalf of disinterested third parties, we would have considered then the argument he belatedly raises now—that Clark was not entitled to collect on the December 15, 2008 order awarding her attorney fees and costs because her pre-petition debt to her attorneys was discharged in bankruptcy.

On page 14, at the end of the last sentence in the first full paragraph ("Accordingly, we reject Kinney's argument that allowing Clark to enforce the judgment against him would be inequitable to him and a windfall for her"), add a footnote (which will be footnote number 8) stating:  In support of his standing

argument, Kinney cites cases where a non-prevailing party had standing to challenge whether the prevailing party technically incurred attorney fees where in-house counsel performed the legal services on behalf of the prevailing party (*PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084) or the law firm in which the prevailing party was a partner performed the legal services (*Gilbert v. Master Washer & Stamping Co.* (2001) 87 Cal.App.4th 212). These cases are not germane to Kinney's argument regarding the effect of Clark's bankruptcy discharge on her pre-petition debt to her attorneys and whether he has standing to challenge the December 15, 2008 award of attorney fees and costs based on these bankruptcy concerns.

Beginning on page 16, renumber the footnotes in the opinion based on the addition of new footnote numbers 7 and 8, as specified above.

On page 16, in the second to last sentence in the partial paragraph on that page, before the words "Kinney does not cite authority," add the words "In his opening and reply appellate briefs," so that the sentence now reads: In his opening and reply appellate briefs, Kinney does not cite authority or provide argument supporting his position that an appeal from an attorney fee order would prevent the trial court from issuing a subsequent, separate and distinct attorney fee order based on new and different legal services rendered.

On page 16, after the partial paragraph on that page, add two new paragraphs stating: In a supplemental brief in this matter, urging this court not to impose sanctions on him for filing a frivolous appeal, Kinney cites *Elsea v. Saberi* (1992) 4 Cal.App.4th 625 (*Elsea*) in support of his argument "that an appeal of an order stay[s] further proceedings which rely on the

validity of that order." *Elsea* is inapplicable to the circumstances in the case before us. There, the defendants appealed the trial court's denial of their motion to vacate a default judgment in a personal injury action. While the defendants' appeal was pending, defendants' insurer appeared before a different trial court judge, intervened in the trial court action, and successfully moved to vacate the judgment as to itself under Code of Civil Procedure section 473. (*Id*. at p. 628.) The plaintiff appealed and the Court of Appeal reversed the order vacating the default judgment as to the insurer, concluding, "Because the trial court's ruling on [the insurer]'s section 473 motion affected enforcement of the default judgment, it impacted on the effectiveness of the pending appeal [the defendants' appeal from the order denying their motion to vacate the same default judgment] and therefore was in excess of the court's jurisdiction." (*Id*. at p. 629.)

Here, we do not have a situation like *Elsea* where multiple parties (the defendants and the intervener) were appealing from the *same* judgment. We have a situation where the same party is appealing from *different* post-judgment attorney fee orders. An appeal from one attorney fee order does not stay the trial court action under Code of Civil Procedure section 916 and prevent the trial court from issuing a subsequent attorney fee order based on new legal services rendered.

This modification does not result in a change in the judgment.

CERTIFIED FOR PUBLICATION.

_____

ROTHSCHILD, P. J.        CHANEY, J.        JOHNSON, J.

4

Filed 5/17/17 Unmodified opinion

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| CHARLES KINNEY, | B265267 |
| Cross-complainant and Appellant, | (Los Angeles County Super. Ct. No. BC354136) |
| v. | |
| MICHELE R. CLARK, | |
| Cross-defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Barbara M. Scheper, Judge.  Appeal dismissed; motions for sanctions granted.

William M. Rubendall; Cyrus Sanai for Cross-complainant and Appellant.

Marcus, Watanabe & Enowitz, David M. Marcus and Eric Chomsky for Cross-defendant and Respondent.

_____

Charles Kinney appeals from a post-judgment award for attorney fees and costs Michele Clark incurred in a prior appeal while attempting to enforce an earlier award for attorney fees and costs against Kinney. Kinney has been challenging Clark's entitlement to fees and costs in this action since 2008, when the trial court first awarded Clark attorney fees and costs under a residential purchase agreement to which she and Kinney were parties and under which Kinney brought this unsuccessful cross-action against Clark. This appeal, like the numerous appeals before, lacks merit. We grant Clark's motion to dismiss the appeal because it is frivolous.

The Los Angeles Superior Court, this court, and the United States District Court for the Central District of California all have declared Kinney to be a vexatious litigant. Under a prefiling order issued in 2011, Kinney, while self-represented, may not file new litigation (including any appeal or writ) in a California state court without first obtaining leave of the presiding judge. Undeterred, Kinney has retained a series of attorneys to represent him in his continued and unconscionable campaign in the courts against Clark. The prefiling order covering Kinney's in propria persona litigation has been ineffective in constraining his vexatious litigation. Accordingly, on Clark's motion, we impose an expanded prefiling order, requiring Kinney to obtain leave of the presiding judge before filing new litigation (including any appeal or writ) against Clark or her attorney in a court of this state, even when he is represented by counsel. This prefiling order is necessary to protect Clark, her attorneys, and our courts from Kinney's abuse of the judicial process.

On the court's own motion, we impose monetary sanctions on Kinney for filing a frivolous appeal.

## BACKGROUND

In 2005, Clark sold a residential property in the Silver Lake neighborhood of Los Angeles (the Fernwood property) to Kinney and Kimberly Kempton. The purchase agreement governing the transaction (the Agreement) included a prevailing party attorney fees clause.

**Kinney's State Court Actions**

In 2006, Kinney and Kempton began filing lawsuits concerning the Fernwood property in the Los Angeles Superior Court. They sued their new neighbors, the City of Los Angeles, Clark, and the brokers who represented her in the transaction. Most of the litigation related to easements and fences. Kinney, an attorney,[1] represented himself and Kempton in the six lawsuits[2] they filed (and ultimately lost) regarding the Fernwood property. (*In re Kinney*, *supra*, 201 Cal.App.4th at pp. 955-956.)

_____

[1] Kinney is no longer licensed by the State Bar of California. In June 2016, he was disbarred for his conduct in the Fernwood property litigation as well as his conduct in representing clients in another residential property dispute involving an easement. On the court's own motion, we take judicial notice of the opinion and order of the State Bar of California Review Department, filed on December 12, 2014 in case numbers 09-O-18100 and 09-O-18750, setting forth the reasons for the recommendation of disbarment (Kinney's conduct in the property dispute litigation).

[2] *Kempton v. Cooper*, BC354136; *Kempton v. Harris*, BC354138; *Kempton v. Harris*, BC363261; *Kempton v. City of Los Angeles*, BC363837; *Kempton v. Clark*, BC374938; and *Kempton*

3

In the action before us, *Kempton v. Cooper*, BC354136 (the Present Action), Kinney and Kempton filed a cross-action against Clark, alleging unmerchantable title. The trial court sustained Clark's demurrer to the cross-complaint without leave to amend, and the judgment was affirmed on appeal. (*Kempton v. Clark* (June 30, 2008, B200893) [nonpub. opn.].)

Following Kinney and Kempton's unsuccessful appeal, Clark moved for attorney fees under the Agreement as the prevailing party in the litigation. On December 15, 2008, the trial court granted her motion and awarded $9,349 in attorney fees. Kinney and Kempton appealed and we affirmed the fee award. (*Kempton v. Clark* (Feb. 3, 2010, B213386) [nonpub. opn.].)

**Kinney is Declared a Vexatious Litigant in State Courts**

Meanwhile, Kinney and Kempton were still litigating *Kempton v. Clark*, BC374938, a fraud action arising from the Fernwood property transaction (the Related Action). In 2008, at the request of Clark and her brokers in the Related Action, the Los Angeles County Superior Court declared Kinney to be a vexatious litigant. (*In re Kinney*, *supra*, 201 Cal.App.4th at p. 954; *Kempton v. Clark* (Sept. 25, 2014, B248713) [nonpub. opn.], p. 2.) Kinney thereafter dismissed himself as a plaintiff without prejudice, but continued to represent Kempton as her attorney in the Related Action. (*Kempton v. Clark*, *supra,* B248713, p. 2.)

Three years later, in a published opinion issued in December 2011, Division Two of this District also declared

---

*v. City of Los Angeles*, BC413357. (*In re Kinney* (2011) 201 Cal.App.4th 951, 954, fn. 3.) We take judicial notice of the unpublished Court of Appeal opinions in these cases, which are cited below.

4

Kinney to be a vexatious litigant and imposed "a prefiling order prohibiting Kinney from filing any new litigation—either in his own name or in the name of Kimberly Jean Kempton—in the courts of this state without first obtaining leave of the presiding judge." (*In re Kinney*, *supra*, 201 Cal.App.4th at pp. 960-961.) The opinion explained: "In the Court of Appeal alone, Kinney has lost 16 times since 2007: (1) his writ petition was denied in 2007; (2) he has lost 10 appeals in three different divisions of this appellate district and three appeals in the Fourth Appellate District; and (3) two appeals he filed were involuntarily dismissed by the court. All of the proceedings in this appellate district are related to Kinney's ownership of the Fernwood Property." (*Id*. at p. 960, fns. omitted.)

**Clark's Bankruptcy**

In July 2010, Clark declared bankruptcy. "The expense of defending against Kinney's claims was a substantial factor leading to Clark's bankruptcy." (*Kempton v. Clark*, *supra*, B248713, p. 3.) In March 2011, the bankruptcy court ordered Clark to appear in state court and defend the Related Action. On Clark's motion, the superior court in the Related Action declared Kempton to be a vexatious litigant because she was "merely acting as Kinney's proxy and he [was] using her as his puppet." (*Id*. at p. 4.) After Kempton failed to post a bond as ordered, the superior court dismissed the Related Action. Kinney sought relief from this ruling on behalf of Kempton in the bankruptcy court, federal district court, and the Ninth Circuit Court of Appeals. (*Id*. at pp. 4-5.) He was unsuccessful in each venue.

After the superior court dismissed the Related Action, Clark moved for attorney fees against Kinney and Kempton under the Agreement. Kinney opposed the motion, arguing Clark

lacked standing to claim attorney fees and costs due to her bankruptcy. (*Kempton v. Clark*, *supra*, B248713, p. 5.) On October 18, 2012, after Clark was discharged from bankruptcy, the United States Bankruptcy Court for the Central District of California issued an order stating in pertinent part, "All of [Clark]'s right to recovery [of] attorneys' fees and costs from Kempton and Kinney arising from litigation concerning the Fernwood Property are deemed to have been abandoned by the Trustee."[3] The order further explained: "Kempton and Kinney are not creditors of this estate. They have twice sued [Clark] in state court, and lost both times. (Kempton and Kinney also lost several related appeals.) As non-creditors, Kempton and Kinney have no interest in the administration of this Estate. Therefore, the Court finds that Kempton and Kinney do not have standing to object to the Motion [to compel abandonment of property]." The bankruptcy court stated that "the amount of fees, if any," recoverable under the Agreement and California law "will be adjudicated in the state court."[4] Back in state court, Clark

---

[3] We grant Kinney's November 2, 2016 request for judicial notice of the bankruptcy court's October 18, 2012 order. We deny the remainder of Kinney's November 2, 2016 request for judicial notice as well as his July 11, 2016 and November 7, 2016 requests for judicial notice because he seeks judicial notice of documents that are irrelevant to our decision (e.g., documents related to the 2005 purchase of the Fernwood property and documents detailing the particulars of Clark's bankruptcy).

[4] On November 22, 2016, the Ninth Circuit Court of Appeals issued an opinion rejecting, among other claims, Judith Kempton's (representative of the Estate of Kimberly Kempton, who had died) belated attempt to attack the bankruptcy court's

6

prevailed on her motion for attorney fees in the Related Action and successfully defended Kinney and Kempton's appeal from the order awarding fees. (*Kempton v. Clark*, *supra*, B248713, p. 15.)

**Clark's Enforcement of the 2008 Fee Award and Additional Claims for Attorney Fees Against Kinney**

In 2013, Clark began her efforts to enforce the December 15, 2008 award of attorney fees and costs in the Present Action. Kinney attempted to thwart those efforts by serving a claim of exemption, asserting the funds Clark was seeking belonged to his mother's trust and/or estate, although the funds were in an account that did not bear the name of the trust or estate. Clark filed a motion to determine the claim of exemption. The trial court denied Kinney's claim and allowed a levy upon funds to pay the award. Instead of filing the appeal in his own name and seeking leave of court to proceed under the prefiling order, Kinney filed a notice of appeal from that order as attorney for his mother's trust and estate. We dismissed the appeal based on lack of standing because the trust and estate were not parties to the action in the trial court and did not seek to intervene in the action or vacate the order in the trial court. (*Kinney v. Clark* (Dec. 31, 2014, B253093) [nonpub. opn.], pp. 2-3.)

On March 5, 2014, the trial court awarded Clark additional fees for work her attorneys performed in attempting to enforce the December 15, 2008 fee award. Kinney had opposed Clark's motion for fees on his own behalf, and on behalf of Judith Kempton (representative of the Estate of Kimberly Kempton) and his mother's estate. (*Kempton v. Cooper* (June 4, 2015, B255794)

October 18, 2012 abandon property order. We grant Clark's December 6, 2016 request for judicial notice of the Ninth Circuit's November 22, 2016 opinion in case number 14-60081.

[nonpub. opn.], p. 3.)  Attorneys filed a notice of appeal on behalf of Kinney, Judith Kempton and Kinney's mother's estate.  We dismissed the appeal as to Judith Kempton and Kinney's mother's estate based on lack of standing.  (*Id*. at p. 6.)  We affirmed the March 5, 2014 fee award as to Kinney, rejecting his argument (among others) that pending state and federal appeals automatically stayed the action and precluded the trial court from entering a new fee award under the Agreement.  (*Id*. at pp. 8-9.)

Also in 2014, Clark began her efforts to enforce a July 10, 2012 award of attorney fees and costs the trial court granted for work Clark's attorneys performed in successfully defending Kinney and Kempton's appeal from the December 15, 2008 fee award.  Neither Kinney nor Clark appealed from the July 10, 2012 award.  Kinney again filed a claim of exemption, contending Clark's enforcement of the July 10, 2012 award was stayed by his pending appeals in the state court (including case No. B253093, the appeal from the denial of his first claim of exemption, discussed above) and federal court (arising out of the bankruptcy proceedings).  Clark filed a motion to determine the claim of exemption.  Kinney filed a written opposition, representing himself, the Estate of Kimberly Kempton, and his mother's trust and estate.  The trial court denied the claim of exemption and allowed a levy upon funds to pay the award.  Kinney, the Estate of Kimberly Kempton, and Kinney's mother's trust and estate appealed.  An attorney represented Kinney and the other appellants.  We dismissed the appeal for lack of standing as to the Estate of Kimberly Kempton and Kinney's mother's trust and estate because these parties could not show they were aggrieved by the order, as the levy was upon Kinney's property.  We

8

dismissed the appeal as to Kinney, concluding it lacked merit because the state and federal appeals, which were not related to the July 10, 2012 fee award, did not stay Clark's efforts to enforce that award. (*Kinney v. Clark* (Sept. 8, 2015, B258399) [nonpub. opn.], pp. 3-5.)

On May 5, 2015, the trial court awarded Clark $22,115 in additional attorney fees under the Agreement for work her attorneys performed in successfully defending Kinney's appeal from the denial of his first claim of exemption (appellate case No. B253093, discussed above). This is the award we are reviewing in the present appeal. Attorney William Rubendall filed a notice of appeal from the May 5, 2015 award on behalf of Kinney.

**Kinney is Declared a Vexatious Litigant in Federal Court**

Kinney removed the appeal that is presently before us to the United States District Court for the Central District of California. On February 4, 2016 the district court remanded the matter to this court, issuing an order rejecting Kinney's claims of federal court jurisdiction, imposing sanctions on Kinney in the amount of $6,000, and inviting Clark and her attorneys to file a motion to have Kinney declared a vexatious litigant in the district court. On May 13, 2016, the United States District Court for the Central District of California declared Kinney to be a vexatious litigant on the motion of Clark and her attorneys. The district court imposed the following prefiling order: "Charles Kinney and any person acting on his behalf must obtain written authorization from a Judge of this Court before initiating a new action, where the pleading asserts claims against Michele R. Clark, David Marcus, or Eric Chomsky [Clark's attorneys] or any

9

of the law firms with which David Marcus or Eric Chomsky are associated."[5]

In its May 13, 2016 opinion, the Central District court summarized Kinney's vexatious litigation in the federal courts arising out of the Fernwood property litigation: his three attempts to remove the Related Action to federal court, resulting in the imposition of sanctions against him; his two attempts to remove the Present Action to federal court, again resulting in the imposition of sanctions against him; his counterclaims against Clark and her attorneys in the failed removal actions; the Ninth Circuit Court of Appeals' award of attorney fees against him for attempting to remove the Related Action without a reasonable basis for doing so; his unsuccessful action in the United States District Court for the Northern District of California against Clark's attorneys, alleging violations of his constitutional rights; and two other federal district court actions against Clark and her attorneys.[6]

---

[5] We grant Clark's May 18, 2016 request for judicial notice of the Central District court's May 13, 2016 order declaring Kinney to be a vexatious litigant in case number CV 15-8910 PSG (JCx).

[6] We deny Clark's September 1, 2016 and September 9, 2016 requests for judicial notice of a total of 10 federal court orders and opinions arising out of the Fernwood property litigation. For the most part, the documents are cumulative to the information in the Central District court's May 13, 2016 opinion, and a recitation of each of these orders and opinions is not necessary to our resolution of the matters before us.

10

## DISCUSSION

### Motion to Dismiss this Appeal

The Agreement between Kinney and Clark states that the prevailing party in "[i]n any action, proceeding, or arbitration" between the parties arising out of the Agreement is entitled to an award of reasonable attorney fees and costs from the non-prevailing party. The Present Action arises out of the Agreement. Clark prevailed on appeal in this action in appellate case number B253093, the appeal from the denial of Kinney's first claim of exemption. She sought an award of attorney fees and costs for the work her attorneys performed in successfully defending the appeal, as part of her efforts to enforce the December 15, 2008 award of attorney fees and costs. On May 5, 2015, the trial court awarded Clark an additional $22,115 in attorney fees and costs. Kinney does not dispute that Clark's attorneys performed the legal services. Nor does he challenge the reasonableness of the amount of the award.

Instead, Kinney challenges Clark's entitlement to attorney fees and costs under the Agreement, asserting recycled arguments that state and federal courts already have rejected. He attempts to attack prior final orders as a basis for defeating the order before us. In his appellate reply brief in this matter, he states, "It doesn't matter how many times Kinney loses, void orders are never final." But, despite many years of attempting to invalidate the underlying judgment and each and every award of attorney fees and costs the trial court has issued in this action, Kinney has yet to prevail or demonstrate that any order is void in these collateral attacks.

Clark moves this court to dismiss the appeal, arguing it is frivolous. An appeal is frivolous "when it is prosecuted for an

11

improper motive – to harass the respondent or delay the effect of an adverse judgment – or when it indisputably has no merit – when any reasonable attorney would agree that the appeal is totally and completely without merit." (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650.)  We agree with Clark that the appeal is frivolous and grant her motion.  The contentions Kinney raises on appeal in opposition to Clark's entitlement to attorney fees and costs lack merit and are asserted in furtherance of his decade-long campaign of harassment of Clark.

### Clark's bankruptcy did not eliminate her entitlement to attorney fees and costs under the Agreement

In his opening appellate brief, Kinney repeats his claims that all orders awarding Clark attorney fees and costs that the trial court issued after Clark declared bankruptcy in July 2010 violate bankruptcy law and are void, and "no state court has any jurisdiction over these federal law issues."

California state courts have jurisdiction over Clark's claims for attorney fees and costs under the Agreement.  The trial court made the first award of attorney fees and costs to Clark—the December 15, 2008 award—before Clark declared bankruptcy. Clark did not attempt to enforce that award in the state courts until after the bankruptcy court discharged her and ordered that she could pursue additional claims for attorney fees and costs against Kinney in state court.  Thus, the trial court's post-bankruptcy orders relating to Clark's enforcement of the December 15, 2008 award and awarding her additional attorney fees and costs did not violate the automatic stay arising from her bankruptcy petition.

Kinney asserts the trial court could not award Clark additional attorney fees and costs under the Agreement after her

12

discharge from bankruptcy because she did not reaffirm the Agreement in the bankruptcy court and therefore the Agreement was deemed "rejected" under title 11 United States Code section 365 and rendered unenforceable. Only executory contracts and unexpired leases are affected by title 11 United States Code section 365. An executory contract within the meaning of this statute is "'a contract . . . on which performance is due to some extent on both sides' and in which 'the obligations of both parties are so far unperformed that the failure of either party to complete performance would constitute a material breach and thus excuse the performance of the other.'" (*In re CFLC, Inc.* (9th Cir. 1996) 89 F.3d 673, 677.) The Agreement containing the attorney fees and costs provision is not an executory contract because it was fully performed when the real estate transaction occurred in 2005, nearly five years before Clark declared bankruptcy. Therefore, the attorney fees and costs provision in the Agreement was not rendered unenforceable under title 11 United States Code section 365.

Kinney also argues Clark was not entitled to collect on the December 15, 2008 order awarding her attorney fees and costs because her pre-petition debt to her attorneys was discharged in bankruptcy, so her recovery on that award would constitute an improper windfall. This argument does not advance Kinney's cause on appeal for multiple reasons.

First, this issue is not before us on appeal. As discussed above, in appellate case number B253093, Kinney already challenged the trial court's order denying his claim of exemption and allowing a levy upon his funds to pay the December 15, 2008 award. That order is final. The matter before us is Clark's post-bankruptcy claim for attorney fees and costs incurred in

13

successfully defending Kinney's appeal from the trial court's order denying his claim of exemption and allowing a levy upon his funds to pay the December 15, 2008 award. Kinney does not dispute Clark prevailed in appellate case number B253093, her attorneys performed the legal services claimed, and the amount of the award is reasonable. Arguments that should have been raised in appellate case number B253093, regarding Clark's entitlement to collect on the December 2008 award, are not germane to our resolution of this appeal.

Second, even if Kinney's challenge of the December 15, 2008 award of attorney fees and costs were timely, he lacks standing to make the argument regarding the effect of Clark's bankruptcy discharge on her pre-petition debt to her attorneys. Clark has a judgment against Kinney in the amount of the December 15, 2008 award. What Clark owes her attorneys and what she pays them out of the judgment are matters between her and her attorneys. As the bankruptcy court pointed out to Kinney when it granted the motion to abandon Clark's right to recover attorney fees and costs against him, Kinney was not a creditor of Clark's estate and he had no interest in the administration of her estate. Clark's bankruptcy did not benefit Kinney. It did not discharge his debt to her—the December 15, 2008 award. Accordingly, we reject Kinney's argument that allowing Clark to enforce the judgment against him would be inequitable to him and a windfall for her.

We note Kinney repeatedly has argued in the bankruptcy court, the federal district court and the Ninth Circuit Court of Appeals without success that all superior court orders awarding Clark attorney fees and costs issued after Clark declared bankruptcy in July 2010 violate bankruptcy law and are void. In

14

fact, Kinney removed this appeal to the United States District Court for the Central District of California, arguing the federal court has subject matter jurisdiction on numerous grounds, including bankruptcy issues. The district court remanded the matter to this court and imposed monetary sanctions on Kinney, rejecting his claim that bankruptcy concerns are implicated in the trial court's award of attorney fees and costs to Clark under the Agreement. The court explained: "The attorney's fee motions are pure state-court matters that belong in state court. The Court is not persuaded that any bankruptcy concerns are being violated by any actions or decisions in the state court." Although Kinney maintains in his opening appellate brief that this action involves "issues [that] can only be resolved in federal court using bankruptcy law," the federal courts have rejected this assertion and instructed the parties to litigate Clark's claims for attorney fees and costs in state court applying state law. Notwithstanding Kinney's barrage of district court filings and Ninth Circuit appeals, the federal courts have declined his requests for an order staying the proceedings in this action.

**Pending state court appeals from other awards of attorney fees and costs did not stay this action and preclude the trial court from awarding Clark additional attorney fees and costs under the Agreement**

Kinney also repeats an argument he has unsuccessfully asserted in prior appeals in the Present Action, challenging earlier orders awarding Clark attorney fees and costs (e.g., appellate case Nos. B255794 & B258399, discussed above): that appeals related to other awards of attorney fees and costs automatically stayed the action below under Code of Civil

15

Procedure section 916,[7] preventing the trial court from awarding Clark additional fees and costs. As set forth above, in appellate case number B255794, Kinney appealed from the trial court's March 5, 2014 order in this action awarding Clark attorney fees and costs for the work her attorneys performed in attempting to enforce the December 15, 2008 fee award. In appellate case number B258399, Kinney appealed from an order denying his second claim of exemption and allowing a levy upon funds to pay the July 10, 2012 fee award in favor of Clark and against Kinney. Both of these appeals were pending on May 5, 2015, when the trial court made the order at issue in this appeal awarding Clark attorney fees and costs for the work her attorneys performed in successfully defending the appeal from the denial of his first claim of exemption in appellate case number B253093.[8] Kinney does not cite authority or provide argument supporting his position that an appeal from an attorney fee order would prevent the trial court from issuing a subsequent, separate and distinct attorney fee order based on new and different legal services rendered. We are aware of no such authority.

---

[7] Under Code of Civil Procedure section 916, subdivision (a), "the perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby, including enforcement of the judgment or order, but the trial court may proceed upon any other matter embraced in the action and not affected by the judgment or order."

[8] Clark prevailed in both appeals and our decisions are final.

16

**Kinney's attempt to challenge Clark's retainer agreement with her attorneys fails**

Kinney contends Clark's attorneys have no right to attorney fees and costs because they (the attorneys) "never filed a separate, independent state court declaratory relief action against Clark regarding their 2007 hourly-fee retainer." Kinney waged previous unsuccessful attacks on Clark's retainer agreement with her attorneys in appellate case numbers B255794 (the Present Action) and B248713 (the Related Action). As Division Two concluded in case number B248713, Kinney has not demonstrated he has standing to challenge Clark's consent to the lien in her retainer agreement with her attorneys. (*Kempton v. Clark*, *supra*, B248713, p. 13.) The authority Kinney cites in this appeal to support his contention is inapposite. (*Mojtahedi v. Vargas* (2014) 228 Cal.App.4th 974, 977 [attorney's action against his former client's subsequent attorney for a portion of settlement proceeds was properly dismissed on demurrer because the attorney failed to "establish the existence, amount and enforceability of the lien in an independent action against his clients"].) Clark's attorneys provided legal services in successfully defending Clark in this action in appellate case number B253093. Clark filed a motion for attorney fees and costs under the Agreement, as the prevailing party on appeal. The trial court awarded the fees and costs. Clark's attorneys were not required to sue her to establish their entitlement to be paid for the legal work they performed.

**Kinney's belated challenges to the 2008 and 2011 vexatious litigant orders are not properly before us**

Finally, Kinney continues to complain about the 2008 superior court order and the 2011 decision from Division Two of

17

this District, declaring him to be a vexatious litigant. The time has long ago passed to contest these final decisions.

This appeal is frivolous. Kinney's recycled arguments have no more merit now than they did the numerous times he raised them before. We grant Clark's motion to dismiss the appeal.

**Motion for Sanctions—Prefiling Order**

Clark filed a motion for sanctions against Kinney in this court, seeking an expanded prefiling order requiring Kinney to obtain leave of the presiding judge before filing any new litigation, even when he is represented by counsel. Kinney opposes the motion, arguing courts may impose prefiling requirements on self-represented vexatious litigants only, and not vexatious litigants who file new litigation through counsel.

Under Code of Civil Procedure section 391.7, subdivision (a),[9] a provision in the vexatious litigant statutory scheme, a "court may, on its own motion or the motion of any party, enter a prefiling order which prohibits a vexations litigant from filing any new litigation in the courts of this state *in propria persona* without first obtaining leave of the presiding justice or presiding judge of the court where the litigation is proposed to be filed." (Italics added.)

We recognize that the prefiling order contemplated by section 391.7 applies to litigation filed by self-represented litigants. But this statutory limitation does not prevent us from expanding the prefiling order under the circumstances of this case, for two reasons. First, case law holds that it is appropriate to extend a prefiling order issued under section 391.7 to new

---

[9] Further statutory references are to the Code of Civil Procedure.

18

litigation filed by a vexatious litigant through counsel where the vexatious litigant retains attorneys who "serve as mere puppets" instead of "neutral assessors of his claims, bound by ethical considerations not to pursue unmeritorious or frivolous matters." (*In re Shieh* (1993) 17 Cal.App.4th 1154, 1167 (*Shieh*).)  Second, irrespective of section 391.7, the court has inherent powers to control judicial proceedings to ensure the administration of justice and prevent abuse of the judicial process.

### Section 391.7 applies where a "puppet" attorney files new litigation on behalf of a vexatious litigant

In *Shieh*, this Division declared Liang-Houh Shieh to be a vexatious litigant and imposed a prefiling order, requiring him to obtain leave of the presiding judge before filing new litigation (including any appeal or writ) in a California state court.  (*Shieh, supra*, 17 Cal.App.4th at pp. 1167-1168.)[10]  This court acknowledged that prefiling orders under section 391.7 "[o]rdinarily" apply only to a vexatious litigant's in propria persona litigation, but the court extended the prefiling order to litigation filed through counsel, explaining that Shieh's case "breaks the mold."  (*Id*. at p. 1167.)  The court's review of the "syntax, grammar, style and tone" of Shieh's pleadings and briefs in the trial and appellate courts revealed that the documents "ha[d] been drafted by the same hand," whether Shieh filed them in propria persona or through counsel.  (*Ibid*.)  Because the attorneys Shieh retained "serve[d] as mere puppets," the court "conclude[d] a prefiling order limited to Shieh's in propria

_____

[10] Shieh, like Kinney, was an attorney who already had been declared a vexatious litigant by the trial court at the time the appellate court found him to be a vexatious litigant.  (*Shieh, supra*, 17 Cal.App.4th at pp. 1156, 1166.)

19

persona activities would be wholly ineffective as a means of curbing his out-of-control behavior."[11] (*Ibid.*)

*Shieh* remains good law. The California Supreme Court has not addressed the merits of *Shieh*. In *Shalant v. Girardi* (2011) 51 Cal.4th 1164, a case in which the Supreme Court held a vexatious litigant did not violate a prefiling order under section 391.7 where he continued to pursue an action filed by counsel after counsel withdrew, the Court stated in a footnote: "We express no opinion as to whether section 391.7 may be applied when the record shows the vexatious litigant's attorney has, in filing the action, acted as a 'mere puppet[ ]' of the litigant. (*In re Shieh*[*, supra,*] 17 Cal.App.4th [at p.] 1167.) The trial court made no such finding in dismissing Shalant's action, and defendants, though they cite *Shieh* as supporting a broad interpretation of section 391.7, do not argue the dismissal should be affirmed on grounds the attorney who filed this action was merely a puppet

---

[11] The court summarized Shieh's litigious behavior as follows: "Over the past two years, Shieh has filed innumerable complaints in the federal and state courts, many of which are duplicative and most of which are based on substantially similar facts. These various suits have resulted in at least 19 writ petitions to this court and 1 to the Fourth District, some of which are duplicative and all of which have been denied. He and his counsel have been sanctioned separately three times for pursuing frivolous writ petitions. [¶] In addition to the two duplicative appeals which prompted this proceeding . . . , which we recently dismissed largely for lack of jurisdiction and partly due to Shieh's failure to pay the sanctions imposed by the trial court or to post a bond to stay the order, Shieh has filed at least 14 appeals in 9 separate matters." (*Shieh, supra,* 17 Cal.App.4th at pp. 1155-1156.)

for Shalant." (*Shalant v. Girardi, supra*, 51 Cal.4th at p. 1176, fn. 8.)

The attorneys who have filed appeals on behalf of Kinney in the Fernwood property litigation since Division Two imposed the prefiling order (Nina Ringgold and William Rubendall) have acted as puppets for Kinney, asserting the same meritless arguments Kinney previously asserted on his own behalf. They disregard prior, final state and federal court decisions that have rejected these recycled arguments, and continue to maintain that all of these decisions are "void," so all issues in the Fernwood property litigation should be decided anew. At Kinney's behest, these attorneys continue to barrage Clark with new appeals. Since the filing of this appeal, attorney William Rubendall has filed three other appeals on behalf of Kinney, one in the Related Action (appellate case No. B266125) and two in the Present Action (appellate case Nos. B272408 & B276290).[12]

In his written opposition to Clark's motion for sanctions, Kinney did not discuss *Shieh* or address Clark's argument that William Rubendall, the attorney who filed the notice of appeal and appellate briefs in this matter, "is not acting as a gatekeeper," but "is allowing Kinney to continue his vexatious conduct." Instead, Kinney cited *John v. Superior Court* (2016) 63 Cal.4th 91, a recent California Supreme Court case in which both Kinney and his newly-retained attorney in this appeal, Cyrus

---

[12] On the court's own motion, we take judicial notice of these three appeals that were filed after this one.

21

Sanai,[13] acted as amicus curiae on behalf of the petitioner, a vexatious litigant.

In *John v. Superior Court, supra*, 63 Cal.4th at page 93, the Supreme Court held "section 391.7's prefiling requirements do not apply to a self-represented litigant previously declared a vexatious litigant seeking to appeal an adverse judgment or interlocutory order in an action where he or she was the *defendant*." (Italics added.) Kinney does not cite *John v. Superior Court* because the facts are relevant to this case—they are not. He relies on this case for the opinion's opening statement that the "vexatious litigant statutory scheme [citation] applies exclusively to self-represented litigants." (*Ibid.*; fn. omitted.) The decision in *John v. Superior Court* does not reference *Shieh* or address the factual scenario presented in *Shieh* (and in this case) where a vexatious litigant uses an attorney as an instrument to evade a prefiling order.

Whether section 391.7 applies in these circumstances, however, is immaterial to our authority to issue the expanded prefiling order under the court's inherent powers.

**This court has authority to issue an expanded prefiling order under its inherent powers to ensure the administration of justice and prevent abuse of the judicial process**

"California's Constitution provides the courts, including the Courts of Appeal, with inherent powers to control judicial

---

[13] Cyrus Sanai did not file the notice of appeal in this case or sign the appellate briefs. He appeared for Kinney after we issued our written order notifying Kinney and Rubendall that we were considering imposing sanctions on them for filing this frivolous appeal.

22

proceedings.  [Citations.]  To the same effect, Code of Civil Procedure section 128, subdivision (a)(8) authorizes every court '[t]o amend and control its process and orders so as to make them conform to law and justice.'  This provision is consistent with and codifies the courts' traditional and inherent judicial power to do whatever is necessary and appropriate, in the absence of controlling legislation, to ensure the prompt, fair, and orderly administration of justice.  (*Neary v. Regents of University of California* (1992) 3 Cal.4th 273, 276, superseded by statute on another ground, as stated in *City of Palmdale v. Board of Equalization* (2012) 206 Cal.App.4th 329, 338.)  For example, a "court has inherent power, upon a sufficient factual showing, to dismiss an action "'shown to be sham, fictitious or without merit,'"" and to impose sanctions, ""'in order to prevent abuse of the judicial process.'""  (*Flores v. Georgeson* (2011) 191 Cal.App.4th 881, 887.)

In 2011, Division Two imposed the prefiling order on Kinney to stop him from filing meritless appeal after meritless appeal.  Five years later, nothing has changed except adding an attorney's name to the filings.  By filing additional meritless appeals, Kinney's conduct in this action—even while represented by counsel—continues to constitute an abuse of the judicial process.  Where a vexatious litigant circumvents a section 391.7 prefiling order by hiring an attorney who acquiesces in his campaign of frivolous litigation, this court has the inherent power to issue an expanded prefiling order to control the orderly administration of justice and prevent abuse of the judicial process.

This opinion will serve as a prefiling order providing that, even when Kinney is represented by counsel, he must seek leave

23

of the presiding judge before filing any new litigation in a court of this state against Clark or the attorneys who have been representing her or represent her in the future in the Fernwood property litigation (including David Marcus, Eric Chomsky, and any law firm with which David Marcus or Eric Chomsky is associated).[14]  This prefiling order "applies to appeals and writ petitions, as well as to new litigation in the trial court.  '[E]ach appeal or writ petition is "new" to this court when it is filed, thus qualifying as "new litigation" . . . .'" (*In re Kinney, supra*, 201 Cal.App.4th at p. 961.)  The prefiling order imposed by Division Two governing Kinney's in propria persona litigation remains in place.

The expansion of the prefiling order that we impose today is narrowly tailored to the circumstances before us.  The expanded prefiling order only applies to litigation Kinney's attorneys file against Clark or her attorneys.  After a decade of vexatious litigation that has not abated even after Kinney has retained counsel, Clark, her attorneys, and the courts of this state are in need of relief from Kinney's abuse.

Disobedience of this order will be punished as contempt of court.  The clerk of this court is directed to provide a copy of this opinion and order to the Judicial Council.  (*In re Shieh, supra*, 17

---

[14] We include Clark's attorneys in the prefiling order because Kinney has filed several recent claims against them in federal courts, and we do not want to allow Kinney to circumvent this prefiling order by suing Clark's attorneys as a proxy for her.

Cal.App.4th at p. 1168; *In re Kinney, supra*, 201 Cal.App.4th at p. 961.)[15]

**Monetary Sanctions**

On its own motion, this court may impose sanctions when an appeal is frivolous or taken "solely to cause delay." (Cal. Rules of Court, rule 8.276(a)(1).) As stated above, an appeal is frivolous "when it is prosecuted for an improper motive – to harass the respondent or delay the effect of an adverse judgment – or when it indisputably has no merit – when any reasonable attorney would agree that the appeal is totally and completely without merit." (*In re Marriage of Flaherty, supra*, 31 Cal.3d at p. 650.) Courts "impose a penalty for a frivolous appeal for two basic reasons: to discourage further frivolous appeals, and to compensate for the loss that results from the delay." (*Pierotti v. Torian* (2000) 81 Cal.App.4th 17, 33.)

Prior to oral argument, we notified Kinney and William Rubendall, the attorney who filed the notice of appeal and appellate briefs on his behalf, that we were considering imposing sanctions on both of them for filing a frivolous appeal. (Cal. Rules of Court, rule 8.276(c).) Attorney Cyrus Sanai filed a written response to our order to show cause regarding sanctions and appeared at oral argument to represent both Kinney and Rubendall regarding sanctions, and Kinney on appeal.

---

[15] Clark also moved this court for an order requiring Kinney to furnish security under section 391.1 or have his appeal dismissed. We deny the motion for security as moot because we have resolved the merits of the appeal. We also deny the August 31, 2016, October 12, 2016, and January 4, 2017 requests for judicial notice Clark filed in connection with the motion for security.

25

As discussed above, this appeal is frivolous. Briefly, Kinney continues to challenge Clark's entitlement to attorney fees and costs based on arguments that have been rejected repeatedly by many courts. Prefiling orders and repeated rejections of his arguments by the courts have not curbed Kinney's abuse of the judicial process and incessant attempts to thwart Clark's efforts to collect the attorney fees and costs to which she is entitled under the Agreement.

To discourage further frivolous appeals and to compensate Clark for the loss resulting from the delay, we order Kinney personally to pay sanctions in the amount of $10,000, payable to Clark in full upon issuance of the remittitur in this case. We believe this sanction, coupled with the expanded prefiling order, is necessary to deter Kinney from persisting in the filing of frivolous appeals.

We direct the clerk of this court to send a copy of this opinion to the State Bar of California. Although Kinney was disbarred for his conduct in this and other property dispute litigation, he might seek future reinstatement as a member of the bar. The State Bar should be aware that Kinney's vexatious litigation against Clark has not ceased.

We have decided not to impose sanctions on William Rubendall, as at this juncture, he has not come before us multiple times with meritless arguments. Accordingly, we will give him the benefit of the doubt on this appeal.[16]

---

[16] This is the first of the four appeals Rubendall filed on behalf of Kinney in the Fernwood property litigation in the last two years.

26

**DISPOSITION**

The appeal is dismissed. Clark's motion for sanctions is granted and the following expanded prefiling order is imposed: Even when Kinney is represented by counsel, he must seek leave of the presiding judge before filing any new litigation (including any appeal or writ) in a court of this state against Clark or the attorneys who have been representing her or represent her in the future in the Fernwood property litigation (including David Marcus, or Eric Chomsky, or any law firm with which David Marcus or Eric Chomsky is associated). On the court's own motion, Kinney is ordered to pay sanctions in the amount of $10,000, payable to Michele Clark in full upon issuance of the remittitur in this case. Also upon issuance of the remittitur, the clerk of this court is directed to provide a copy of this opinion and order to the Judicial Council and the State Bar of California. Clark is entitled to recover her costs on appeal.

CERTIFIED FOR PUBLICATION.

CHANEY, J.

We concur:

ROTHSCHILD, P. J.

JOHNSON, J.

27