Filed 6/21/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re the Marriage of PATRICIA and THOMAS DEAL. | |
| PATRICIA DEAL, Respondent, v. THOMAS DEAL, Appellant. | A164185 (Alameda County Super. Ct. No. CH222312) |

Thomas Deal is a vexatious litigant who, while self-represented, may not file new motions or litigation in the trial court without first obtaining permission from the presiding judge.[1] (Code Civ. Proc., §§ 391, 391.7, all statutory references are to this code.) The prefiling order has been ineffective in limiting Thomas's vexatious litigation. In the 17 years since he was initially declared a vexatious litigant and subject to the prefiling order,

---

[1] We refer to the parties by their first names for convenience, intending no disrespect. This case has a long history, some of which is detailed in our opinions in Thomas's prior appeals, including *In re Marriage of Deal* (2020) 45 Cal.App.5th 613, 615 (*Deal*). We incorporate by reference the factual and procedural background from *Deal* and recite only those facts necessary to resolve the issues presented in this appeal. Thomas has filed 12 appeals and seven writ petitions in this court, all of which have been decided adversely to him.

1

Thomas has waged a litigation war against his former wife, Patricia. In the latest battle, Thomas — again representing himself — challenges the validity of a November 2021 trial court order denying his serial requests to file new litigation. We dismiss his appeal.

## BACKGROUND

Patricia and Thomas married in 1989 and had twins in 1996. In 2001, Patricia petitioned to dissolve the marriage. A judgment dissolving the marriage was entered the following year. Thereafter, Thomas began representing himself. In 2005, the trial court deemed Thomas a vexatious litigant and issued a prefiling order prohibiting him from filing new motions or litigation when representing himself without first obtaining leave of the presiding judge of the court where the litigation was proposed to be filed. (*Deal*, *supra*, 45 Cal.App.5th at p. 615.) In 2008, the court entered judgment on reserved issues. (*Ibid.*)

In 2018, the trial court reaffirmed its previous finding that Thomas is a vexatious litigant, and it again imposed a prefiling order. (*Deal*, *supra*, 45 Cal.App.5th at p. 616.) Representing himself, Thomas appealed. His briefs contained "menacing" and "odious" language making "implicit threats against various members of the California judiciary and State Bar." (*Id.* at pp. 616–617.) In addition to arguing the vexatious litigant and prefiling orders were void and unsupported by substantial evidence, Thomas challenged trial court orders and appellate court rulings made years — and in some instances decades — earlier. (*Id.* at p. 617 & fn. 6.)

In a February 2020 published opinion, this court declined to consider Thomas's challenges to the long-since final orders as they were "not within the scope of Thomas's notice of appeal or otherwise properly before this court." (*Deal*, *supra*, 45 Cal.App.5th at pp. 617–618, fn. 6.) And we warned

2

Thomas that further "use of the appellate process to threaten, however implicitly, our state's lawyers and judges" would "result in an order of sanctions." (*Id.* at p. 617.) We also rejected Thomas's claims on the merits: we held the 2018 vexatious litigant and prefiling orders were valid and supported by sufficient evidence, and we concluded a nonplaintiff may be declared vexatious under section 391. (*Deal*, at pp. 617–622.)

In 2021, Thomas filed seven requests to file new litigation, along with numerous other documents.[2] Among other things, Thomas sought permission to file a motion for a status conference, a motion to change venue, a request for discovery, and a request for an evidentiary hearing to question several bench officers who had issued rulings in the case.

The requests were assigned for all purposes to a retired bench officer from a different county. At a hearing, Thomas urged the trial court to "overturn the prior rulings that had been made in the case." In November 2021, the court issued a thorough written order denying the requests (§ 391.7, subd. (b)). First, the court deemed it "abundantly clear that there are no issues remaining to be decided in this case. All issues have been decided in the unbelievably numerous prior hearings that have been held over 20 years. The register of actions details 48 pages of single-spaced lines listing documents that have been filed and hearings and trials that have been held over the years. It is difficult to comprehend how one divorce could

---

[2] Our summary of the requests is derived from the trial court's order denying permission to file the new litigation. Thomas has not cited to the portions of the record where these requests appear, and we decline to scour the 15 volumes of clerk's transcripts to find the documents. (*Harshad & Nasir Corp. v. Global Sign Systems, Inc.* (2017) 14 Cal.App.5th 523, 527, fn. 3.) Thomas's failure to include a cogent factual summary in his opening brief — as required by California Rules of Court, rule 8.204(a)(2)(C) — has hampered our review. All "rule" references are to the Rules of Court.

produce such a volume of litigation. [Thomas's] dissatisfaction with the outcome has not been for want of litigation."

The trial court continued: "It is obvious from [Thomas's] extensive and voluminous pleadings and submissions to the Court that he is dissatisfied with the judicial rulings that have been made. He has heretofore ascribed the decisions that have been made to a conspiracy against him by the judicial officers of the Alameda County Superior Court. This ruling is made by a judge . . . unfamiliar with any judge or commissioner of Alameda County, a consummate and unquestionable outsider who is making this decision solely on the basis of the evidence presented. [Thomas] would do well to recognize that the decision is based not on any bias or prejudice against him, nor on any association or relationship with anyone else. The fact is that every issue in this case has already been decided . . . and there is nothing further for the Court to decide."

Next, the trial court considered and denied Thomas's requests to file new litigation. It observed that the requests — at their core — sought to overturn "prior rulings" and to have the dissolution judgments "declared void." As the court explained, "[t]hat is not going to happen." The court determined the requests to file new litigation lacked merit and had "no basis or legitimate purpose."

The trial court concluded with a poignant observation that Thomas was one of many "who have gone away unhappy with the results of their divorce. Most do not allow their emotions to consume them. It is unfortunate that instead of using his skills in a productive manner, he has dedicated himself to the Sisyphean task of endlessly pursuing the impossible. [Thomas's] emotions have blinded him to the reality that our legal system has limits. Right or wrong, all issues in this divorce have been decided. The war is over.

4

[Thomas] stands alone on the silent battleground rattling his saber. All other adversaries and observers have gone home. Whatever battles were to be fought have been fought. The little children who were the subject of custody orders are now grown adults. There is no more property or debts to divide, no more support to be ordered. The time for appealing to a higher court has expired. [Thomas] would do well to focus his remaining energies on escaping his self-imposed poverty and using his abilities to become self-supporting."

Thomas petitioned this court for writ relief and filed a notice of appeal. We denied the writ petition. Thereafter, we notified Thomas we were considering dismissing the appeal as frivolous, and we gave him the opportunity to file written opposition and to address the issue of sanctions at oral argument. (Rule 8.276(c)–(e).) Thomas responded to the sanctions notice in writing and waived oral argument.

## DISCUSSION

We begin with a brief overview of the vexatious litigant statutory scheme. Section 391 — the vexatious litigant statute — " 'was enacted " 'to curb misuse of the court system' " by " 'persistent and obsessive' litigants." ' " (*Deal*, *supra*, 45 Cal.App.5th at p. 618.) As relevant here, a vexatious litigant is one who, while self-represented, " 'repeatedly relitigates or attempts to relitigate' matters already finally determined against them or 'repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay.' " (*Ibid.*, quoting § 391, subd. (b)(2), (3).) A self-represented defendant may be designated a vexatious litigant even if he did not initiate the litigation in the trial court. (*Deal*, at p. 621.) "A vexatious litigant may be prohibited from filing new litigation unless he . . . obtains leave to do so from the presiding justice or judge of the court where

5

he . . . intends to file." (*Id.* at p. 618.) The "presiding judge shall permit the filing of that litigation only if it appears that the litigation has merit and has not been filed for the purposes of harassment or delay." (§ 391.7, subd. (b).) The "prefiling requirement 'does not deny the vexatious litigant access to the courts, but operates solely to preclude the initiation of meritless lawsuits and their attendant expenditures of time and costs.' " (*Deal*, at p. 618.)

## I.

With this statutory background in mind, we turn to the threshold question of whether the order at issue is appealable. The existence of an appealable judgment or order "is a jurisdictional prerequisite to an appeal." (*Jennings v. Marralle* (1994) 8 Cal.4th 121, 126.) A corollary of this rule is that an appeal from a judgment or order that is not appealable must be dismissed. (*Katzenstein v. Chabad of Poway* (2015) 237 Cal.App.4th 759, 765.) Section 904.1 — which governs the right to appeal in civil actions — lists appealable judgments and orders. The statute "codifies the 'one final judgment rule' and provides that only final judgments are appealable. The one final judgment rule is based on the theory that piecemeal appeals are oppressive and costly, and that optimal appellate review is achieved by allowing appeals only after the entire action is resolved in the trial court." (*Art Movers, Inc. v. Ni West, Inc.* (1992) 3 Cal.App.4th 640, 645.)

An order denying a vexatious litigant's request to file new litigation is not among the appealable orders listed in section 904.1. And there is no final judgment as no new litigation was allowed or filed. (*Conservatorship of Rich* (1996) 46 Cal.App.4th 1233, 1235.) The order is not, as Thomas suggests, appealable as an order made after a final judgment under section 904.1, subdivision (a)(2). It is well settled that "not every postjudgment order that follows a final appealable judgment is appealable." (*Lakin v. Watkins*

6

*Associated Industries* (1993) 6 Cal.4th 644, 651.)  To be appealable under section 904.1, subdivision (a)(2), a postjudgment order must follow a final judgment and "satisfy two additional requirements." (*Lakin*, at p. 651, fn. omitted.)  The first "is that the issues raised by the appeal from the order must be different from those arising from an appeal from the judgment."  The second requirement is "that 'the order must either affect the judgment or relate to it by enforcing it or staying its execution.' " (*Id.* at pp. 651–652.)

The order does not satisfy either requirement.  Thomas is using this appeal to litigate the validity of the dissolution judgments.  Thus, the issues raised in this appeal are not different from those that could have been raised in appeals from the dissolution judgments.  Second, the order denying Thomas's request to file new litigation does not affect the dissolution judgments.  As the trial court aptly observed, every issue relating to the dissolution has "already been decided" and there is "nothing further for the Court to decide."[3]  Accordingly, the order denying Thomas's request to file new litigation under section 391.7 is not appealable as a postjudgment order under section 904.1, subdivision (a)(2).

Nor is the order appealable as an injunction under section 904.1, subdivision (a)(6).  We have held that a prefiling order imposed pursuant to section 391.7 "is injunctive in nature and therefore appealable under section 904.1, subdivision (a)(6)." (*Deal*, *supra*, 45 Cal.App.5th at p. 619.)  But this is not an appeal from the prefiling order.  (Thomas challenged the 2018

---

[3] Likewise, Thomas's attempt to relitigate the validity of the 2018 vexatious litigant and prefiling orders does not bring the appealed order within section 904.1, subdivision (a)(2).  Moreover, his challenge of those orders in this appeal is barred by the law of the case doctrine, which " 'precludes a party from obtaining appellate review of the same issue more than once in a single action.' " (*Dickinson v. Cosby* (2019) 37 Cal.App.5th 1138, 1153.)

prefiling order in his most recent prior appeal without success.)  Here, Thomas has appealed an order denying his request for permission to file new litigation, a request he was required to make because he is a vexatious litigant subject to a prefiling order.  The order denying permission to file new litigation under section 391.7 cannot reasonably be construed as an injunction.  To do so would be contrary to the policy underlying the vexatious litigant statutory scheme — which is to curb misuse of the court system — as it would make each denial of a request to file new litigation separately appealable.  Finally, we decline to exercise our discretion to treat this purported appeal as a writ petition.  (*Katzenstein v. Chabad of Poway*, *supra*, 237 Cal.App.4th at p. 770; *Messih v. Lee Drug, Inc.* (1985) 174 Cal.App.3d 312, 315, fn. 4.)

In sum, we conclude a trial court order denying a vexatious litigant's request to file new litigation under section 391.7 is not appealable.  And without an appealable order, we must dismiss the appeal.

## II.

We dismiss the appeal for an additional reason: it is frivolous.  An "appeal is frivolous 'when it is prosecuted for an improper motive—to harass the respondent or delay the effect of an adverse judgment—or when it indisputably has no merit.' " (*Kinney v. Clark* (2017) 12 Cal.App.5th 724, 732.)  "Courts 'impose a penalty for a frivolous appeal for two basic reasons: to discourage further frivolous appeals, and to compensate for the loss that results from the delay.' " (*Id.* at p. 742.)  Dismissal is an authorized sanction for prosecuting a frivolous appeal.  (*Flores v. Georgeson* (2011) 191 Cal.App.4th 881, 887 [court may "dismiss an action ' "shown to be sham, fictitious or without merit in order to prevent abuse of the judicial process" ' "].)  "California courts have the inherent power to dismiss frivolous

8

appeals." (*In re Marriage of Gong & Kwong* (2008) 163 Cal.App.4th 510, 516.) We acknowledge, however, that appellate courts should exercise their inherent power to dismiss frivolous appeals only "in the absolutely clearest cases." (*People ex rel. Lockyer v. Brar* (2004) 115 Cal.App.4th 1315, 1318.)

This is one of those cases. Without a doubt, the appeal is "objectively and subjectively frivolous." (*Malek Media Group, LLC v. AXQG Corp.* (2020) 58 Cal.App.5th 817, 835 (*Malek*); *In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 649–650.) An appeal is objectively frivolous when a reasonable person would "agree that the appeal is completely devoid of merit." (*Malek*, at p. 834.) That standard is easily met here. A trial court's order is presumed correct, and the burden is on Thomas to demonstrate prejudicial error. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.) Thomas's opening brief fails to present an intelligible argument challenging the appealed order. Instead, Thomas disputes the validity of the long since final dissolution judgments, as well as the 2018 vexatious litigant designation and prefiling order, both of which were recently affirmed on appeal. (*Deal*, *supra*, 45 Cal.App.5th at p. 615; *Kinney v. Clark, supra*, 12 Cal.App.5th at p. 732 [appeal attacking "prior final orders as a basis for defeating" the order on appeal was frivolous].)

Rather than articulating a persuasive basis for reversing the order, Thomas levels ad hominem attacks on Patricia, and baselessly accuses numerous bench officers who have presided over the litigation of corruption and "criminal behavior." "Disparaging the trial judge is a tactic that is not taken lightly by a reviewing court." (*In re S.C.* (2006) 138 Cal.App.4th 396, 422; *Malek, supra*, 58 Cal.App.5th at p. 837 [appellate court is not a forum for ranting about conspiracy theories]; *Pierotti v. Torian* (2000) 81 Cal.App.4th 17, 32 & fn. 9 [appeal deemed frivolous based in part on defendant's "attempt

9

to assassinate [plaintiff's] character based on facts that find no support in the record"].) We previously warned Thomas that further abuse of our process would result in an order of sanctions against him. (*Deal, supra*, 45 Cal.App.5th at p. 617.) Thomas did not heed our warning; his latest appeal "has only served as a drain on the judicial system and the taxpayers of this state." (*Malek*, at p. 837.)

The appeal is also subjectively frivolous. Under the "subjective test, an appeal is frivolous when ' " 'it is prosecuted for an improper motive—to harass the respondent or delay the effect of an adverse judgment.' " ' " (*Malek, supra*, 58 Cal.App.5th at p. 836.) "A complete lack of merit is evidence that the appellant brought the appeal for the purpose of delay." (*Ibid.*) As discussed above, the appeal is wholly without merit, and Thomas's "war-like mentality" toward everyone "involved with this case" is further evidence this appeal is being prosecuted for an improper motive. (*Ibid.*; *In re Marriage of Gong & Kwong, supra*, 163 Cal.App.4th at p. 519 [appeal in dissolution action was prosecuted "solely for the purpose of delay"].)

The prefiling order and the repeated rejections of Thomas's arguments — including in a previous published decision of this court — have not curbed his abuse of the judicial process. In this egregious case, dismissal is the appropriate sanction to deter Thomas from filing further frivolous appeals. (*Kinney v. Clark, supra*, 12 Cal.App.5th at p. 742.) "Somewhere along the line, litigation must cease." (*In re Marriage of Crook* (1992) 2 Cal.App.4th 1606, 1613.) That point has been reached here.

## DISPOSITION

The appeal is dismissed. No costs are awarded because respondent did not make an appearance. (Rule 8.278(a)(5).)

_____
Rodríguez, J.

WE CONCUR:


_____
Fujisaki, Acting P. J.


_____
Petrou, J.


A164185

Superior Court of Alameda County, Hon. Glade F. Roper.  (Retired Judge of the Tulare Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)

No appearance for respondent.

Thomas M. Deal, in pro. per, for appellant.