Filed 4/19/21  Chaker v. Superior Court CA4/1
Opinion following rehearing

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| DARREN CHAKER, | D075494 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. GIC757326) |
| SAN DIEGO SUPERIOR COURT, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of San Diego County, John S. Meyer, Judge.  Affirmed as modified.

Darren Chaker, in pro. per., for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Darren Chaker was determined to be a vexatious litigant subject to a prefiling order, first in 1997 and again in 2001.  (Code Civ. Proc., §§ 391-391.8.)[1]  As such, prior to filing any new litigation in the courts of this state in propria persona, Chaker must first obtain leave of the presiding judge of

---

[1]    All undesignated statutory citations are to the Code of Civil Procedure.

the court where the litigation is proposed to be filed.  (§ 391.7, subd. (a).)  In 2018, Chaker filed an application to vacate the prefiling orders and remove his name from the Judicial Council's list of vexatious litigants subject to prefiling orders.  (§ 391.8, subd. (a).)  The trial court denied the application, concluding Chaker did not demonstrate good cause for the requested relief.  (*Id*., subd. (c).)  Chaker appeals, challenging the trial court's denial of his application, and contending the trial court should have modified the portion of the 2001 order requiring him to obtain prefiling permission even when represented by counsel.  We find the trial court properly denied Chaker's request to remove his name from the Judicial Council's list of vexatious litigants; however, for reasons explained below, we modify the prefiling order to comply with the vexatious litigant statute and governing case law.

We granted Chaker's request for rehearing on the issue of whether judicial notice may be taken of the superior court files referenced in this opinion.  (Cal. Rules of Court, rule 8.268.)  We reject the arguments raised on rehearing, concluding judicial notice of the referenced records is appropriate.

FACTS

*Chaker's Application to Be Removed from Vexatious Litigant List*

We grant Chaker's unopposed request for judicial notice and take judicial notice of the original orders declaring him to be a vexatious litigant: the 1997 order issued in *Chaker v. Bradberry* (Mun. Ct. San Diego County, 1997, No. L591421) and 2001 order issued in *Nero v. Conam Management Corporation* (Super. Ct. San Diego County, 2001, No. GIC757326), as well as various orders dismissing his prior cases, which Chaker states led to the initial vexatious litigant designation.  (Evid. Code, §§ 452, subd. (d)(1), 459, subd. (a).)  In addition, we take judicial notice of Chaker's prior appeals *Chaker v. Superior Court* (*Mateo*) (Feb. 19, 2015, D067490); *Chaker v. Mateo*

2

(Sept. 30, 2015, D068886) appeal dismissed; *Chaker v. S.A.* (Oct. 19, 2015, D069040) appeal dismissed; *Chaker v. Mateo* (Sept. 23, 2016, D071029) appeal dismissed; *Chaker v. S.A.* (Feb. 21, 2020, D077191) appeal dismissed. (Evid. Code, §§ 452, subd. (d)(1), 459, subd. (a).)  Finally, we take judicial notice of certain orders discussed *post,* entered in *Nero v. Conam Management Corporation* (Super. Ct. San Diego County, 2001, No. GIC757326), *Chaker v. Mateo* (Super. Ct. San Diego County, No. 37-2010-00094816-CU-DF-CTL), and *Chaker v. S.A.* (Super. Ct. San Diego County, 2015, No. D543061).[2]  (Evid. Code, §§ 452, subd. (d)(1), 459, subd. (a).)[3]

Chaker was first determined to be a vexatious litigant in 1997 in *Chaker v. Bradberry* (Mun. Ct. San Diego County, 1997, No. L591421).  The motion to declare Chaker a vexatious litigant was based on Chaker commencing, in the seven-year period preceding the motion, at least five litigations that were finally determined adversely to him.  (§ 391, subd. (b)(1).)

In 2000, Chaker filed through counsel the case of *Nero v. Conam Management Corporation* (Super. Ct. San Diego County, 2001, No. GIC757326).  In his brief on appeal, Chaker states that his counsel subsequently withdrew.  After a hearing on June 22, 2001, the trial court again found Chaker to be a vexatious litigant.  The court ordered Chaker to post a bond in that action and also entered a prefiling order requiring Chaker to obtain leave of the presiding judge prior to filing any new litigation in the

---

[2]  Chaker acknowledges on appeal that he has used the pseudonyms Darren Del Nero and Darren Nero.

[3]  As discussed *post*, we take judicial notice of these records on our own motion and for good cause, pursuant to Evidence Code sections 452 and 459.

courts of this state, whether in propria persona or when represented by counsel.[4]

In July 2018, Chaker, through counsel, filed an application to vacate the prefiling orders and to order his name removed from the Judicial Council's list of vexatious litigants subject to prefiling orders.[5]  In support of his application, he argued that the portion of the order requiring him to obtain a prefiling order even if he is represented by counsel "is no longer valid and should be vacated."  He further argued that, because the original order declaring him to be vexatious was issued more than 20 years ago, and since then Chaker has attempted only once to file a new lawsuit in propria persona, the "factual basis for the vexatious litigant determinations is no longer true," which constituted "a material change in the facts justifying vacating the prefiling orders."  He concluded there existed good cause to vacate the prefiling orders.  Chaker did not argue that the ends of justice would be served by vacating the order.

In connection with his 2018 application, Chaker completed Judicial Council form MC-703, which requires the applicant to list all cases in which prefiling orders were issued and "a list of every case filed in the last five years in which [Chaker has] been a plaintiff, cross-complainant, or defendant, the approximate number of motions [Chaker] filed in each case, and the

---

[4]     The copy of the minute order Chaker included in his request for judicial notice is blurry and some of the language is difficult to discern.  However, a clear copy of the notice of ruling was obtained from the Superior Court's publicly available records.  Notably, Chaker did not include in his request for judicial notice the subsequent formal order declaring him to be a vexatious litigant, entered on July 10, 2001, discussed *post*.

[5]     Chaker is not represented by counsel on appeal; however, he obtained an order granting leave to pursue this appeal.

4

number of requests for new litigation that [he has] filed." Chaker disclosed the 1997 and 2001 orders declaring him to be a vexatious litigant. He disclosed one case in which he was the plaintiff or cross-complainant (*Chaker v. Crudup* (Super. Ct. L.A. County, No. BC604607), in which he claims to have filed two motions), and two cases in which he is the defendant (*McMillan v. Chaker* (S.D.Cal. 2016, No. 3:16-cv-2186) dism.; *McMillan v. Chaker* (Super. Ct. San Diego County, No. 37-2017-00036344)).

In a declaration signed by Chaker under penalty of perjury, Chaker attested that since being declared a vexatious litigant, he has sought leave of court only once to file a lawsuit in propria persona. He was the plaintiff in another lawsuit filed by counsel; counsel subsequently withdrew, and he was left unrepresented. He claims he did not file any small claims actions.

### *Chaker's Application Fails to Disclose Accurate and Complete Information Regarding His Litigation Activities*

In his application for an order vacating the prefiling orders and ordering removal of his name from the vexatious litigant list, Chaker listed two cases in which prefiling orders were issued. He did not include the formal order declaring him to be vexatious and imposing a new prefiling order in case No. GIC757326. He did not disclose that his prior request to dissolve the prefiling order in that case was denied in 2009. He also neglected to disclose that two *additional* prefiling orders were entered against him in 2015 in San Diego Superior Court case Nos. D543061 and 37-2010-00094816. Moreover, Chaker failed to disclose multiple additional requests to file new litigation.

5

*Formal Order Declaring Darren Del Nero*

*(aka Darren Chaker) a Vexatious Litigant in Case No. GIC757326*

In October 2000, Chaker (under the alias Darren Del Nero) sued Conam Management Corporation, Bryan Casteel, and others; asserting various allegations related to employment discrimination and wrongful termination. Chaker was represented by counsel when the action was filed, but in May of 2001, the court granted counsel's motion to withdraw, and Chaker proceeded to litigate the case unrepresented.[6]

In June 2001, defendants in the case moved for an order declaring Chaker a vexatious litigant and requiring him to post security as a condition of proceeding with litigation. In the motion, defendants argued that Chaker had already been declared a vexatious litigant in 1997; that, in the last seven years, he had initiated 22 civil actions in propria persona which had been adjudicated against him, and he had been criminally convicted of making false claims of police misconduct. Defendants argued that Chaker "has a long history of using attorneys whom he engages as mere puppets in his strategy to abuse the judicial system" and qualified as a vexatious litigant who "would not be deterred by a pre-filing order preventing only propria persona new filings." As such, defendants argued, under *In re Shieh* (1993) 17 Cal.App.4th 1154 (*Shieh*), Chaker's prefiling order should "be broadened to include attorney represented filings." Chaker did not oppose defendants' motion.

---

[6] Counsel's declaration in support of the motion to be relieved as counsel was submitted to the court for in camera review only and does not appear in the record. However, in its order granting counsel's motion, the trial court found "counsel has shown that there has been sufficient breakdown in the attorney-client relationship to preclude counsel from being able to adequately represent their client."

6

In the formal order entered on July 10, 2001 (after the June 22 hearing), the trial court declared Darren Del Nero "(aka Darren David Del Nero, Darren David Chaker, Darren D. Chaker)" to be a vexatious litigant under section 391, subdivision (b)(1). The court required him to furnish for defendants' benefit a security in the amount of $15,000 pursuant to section 391.3. Finally, the court issued a prefiling order pursuant to section 391.7:

> "The Court finds that a pre-filing order prohibiting only new litigation filed in propria persona is inadequate, and therefore, pursuant to [*Shieh, supra,*] 17 Cal.App.4th [at pp.] 1167-1168, enters a pre-filing order which prohibits [Chaker] from initiating any new litigation in any court in the State of California, whether in propria persona or represented by counsel, without first obtaining leave of the presiding judge of the court where the litigation is proposed to be filed with notice to the affected party."

The court subsequently entered judgment in defendants' favor on all claims and awarded defendants $2,522.20 in costs.

*Order Denying Chaker's 2009*

*Request to Dissolve the Prefiling Order in Case No. GIC757326*

In 2009, Chaker requested that the court in case No. GIC757326 dissolve the July 10, 2001 order declaring him a vexatious litigant. The trial court denied Chaker's motion without prejudice. The court explained its rationale in a detailed minute order entered after hearing:

> "Plaintiff states that he is not bringing this motion so that he can file any lawsuits in pro per. His declared purpose for bringing this motion is that he wants to go to law school and he is concerned what impact the vexatious litigant [o]rder would have on his ability to be admitted into law school and to the State Bar.
>
> "[¶] . . . [¶]

7

"[Chaker] admits that since this [c]ourt's [o]rder he has filed one other civil lawsuit, in Los Angeles County, but that lawsuit was abandoned before the defendant was served.

"[Chaker] states that he is 'truly sorry about the expense and inconvenience that [he] caused by filing lawsuits without understanding the legal and procedural requirements.' [Citation.] [He] then attempts to justify or excuse his conduct: 'In my own defense, I can say only that I genuinely believed at the time that the cases had merit.' [Citation.] He states the cases were not filed to harass others, and most of them were dismissed because plaintiff did not attend 'a status conference or file a reply motion.' [Citation.] 'It was never determined I filed any of those cases in "bad faith" nor was I sued in any of those cases for malicious prosecution.' [Citation.]

"[Chaker] has not paid the judgment for costs entered against him in this litigation. . . . [Chaker] states that he is not aware of any judgment for costs, but that he 'would be happy to arrange to make payments towards the cost.' [Citation.] [Chaker's] sincerity is questionable, particularly considering [he] filed a request to waive court fees so that he could bring this motion.

"[Chaker] states that he has channeled his interest in the law in more productive ways, assisting his attorney in litigating [his habeas petition]. After numerous habeas corpus petitions (including three to the California Supreme Court), [Chaker] was finally successful with his habeas corpus petition in the federal courts.[7]

---

7    Chaker was granted habeas relief from his misdemeanor conviction for knowingly making a false statement of peace officer misconduct (former Penal Code section 148.6, subd. (a)(1)), on the ground that the statute impermissibly discriminated on the basis of a speaker's viewpoint in violation of the First Amendment because it left unregulated knowingly false speech supportive of peace officer conduct. (See *Chaker v. Crogan* (9th Cir. 2005) 428 F.3d 1215, 1217.)

"[Chaker] has not been completely forthcoming regarding his litigating other criminal cases. There are at least three unpublished appellate decision[s] in which plaintiff was a party and in which he acted in pro[.] per[.] for at least part of the time. [Citations.]

"Although these unpublished decisions are not civil lawsuits filed against a third-party, the continuing litigation and numerous appeals does not convince the [c]ourt that [Chaker] has given up his habit of pursuing litigation. Indeed, it appears more likely that [Chaker] was too busy with his criminal litigation that he didn't have time to pursue other civil litigation.

"B[ased upon the foregoing], the [c]ourt determines that there are insufficient changes in the facts upon which the July 10, 2001 Order was based. [Chaker] has not demonstrated that he has given up the habit of litigating as a way of life or that he is truly remorseful for the filing of the prior cases. [Chaker] has not been completely honest in his application, nor has there been a genuine effort at restitution."

*San Diego Superior Court Case No. D543061*

In May 2013, Chaker initiated through counsel *Chaker v. S.A.* (Super. Ct. San Diego County, 2015, No. D543061). Although he initiated the case through counsel, Chaker repeatedly appeared in court in propria persona, and never with his attorney of record. After the trial court admonished him to appear with counsel, Chaker filed a substitution of attorney to substitute his attorney out of the case and continued to appear in propria persona.

The trial court ultimately dismissed Chaker's action in an order filed September 15, 2015. In the final dismissal order, the trial court described the abusive litigation tactics Chaker employed in that action, such as issuing subpoenas to third parties without notice to the adverse party and noticing a litany of improper ex parte applications despite the court's admonition. When the party adverse to Chaker moved for an order requiring Chaker to

9

post security (§§ 391.1, 391.7), Chaker failed to appear at the noticed motion. The trial court entered an order requiring Chaker to obtain court approval from the presiding judge prior to filing any additional litigation. Over the next two years, despite the court's repeated insistence that Chaker obtain leave to prosecute the case (consistent with his vexatious litigant prefiling order requirements), Chaker failed to do so.

The trial court stated that "[i]t was apparent that [the] attorney [who represented Chaker when he initiated the litigation] was at best a 'passive attorney,' appearing as a mere 'puppet.' If he was employed at all, his presence served the sole purpose of evading [the vexatious litigant] prefiling orders."

The court stated, "Darren Chaker is a 'vexatious litigant.' The Administrative Office of the Courts maintains a list of vexatious litigants. Darren Chaker's name has appeared on that list throughout the duration of this case. He has had over two years to obtain leave to prosecute this case. He has failed to do so."

The court further stated, "It is clear that based on the conduct of [Chaker] in this case, [he] has repeatedly, and despite the court's admonitions for him to cease, improperly used the court's ex parte procedures on matters that should have been brought as noticed motions. He further brought motions to remove [opposing] counsel and his law firm from the case. He brought motions which were wholly unrelated to this . . . action. Such conduct satisfies the definition set forth at . . . [section] 391[, subdivision] (b)(3) [of vexatious litigant]."

The trial court found that Chaker's failure to obtain permission to continue the litigation, as required by the prefiling orders in place against him, was dispositive and dismissal was required.

10

The trial court ordered that Chaker must "provide a copy of this order to any court as part of any application to receive leave to file any new litigation wherein he proposes to name [adverse party or family members of adverse party], as a party" (the September 15, 2015 prefiling order).[8]

*San Diego Superior Court Case No. 37-2010-00094816*

In 2010, Chaker initiated through counsel *Chaker v. Mateo* (Super. Ct. San Diego County, No. 37-2010-00094816). This case resulted in a published appellate decision from this court which affirmed in full the trial court's order granting defendant's special motion to strike Chaker's complaint pursuant to section 425.16. (*Chaker v. Mateo* (2012) 209 Cal.App.4th 1138, 1141.) The trial court subsequently awarded defendant attorney fees in that case, resulting in a final monetary judgment adverse to Chaker. Chaker represented himself and appeared in propria persona in all postappeal proceedings, filing a flurry of meritless motions and applications attempting to avoid judgment collection efforts. In an order denying one such motion, the trial court ordered Chaker to show cause "why all his pending motions . . . should not be removed from the calendar, and also to show cause,

---

[8] After the trial court denied Chaker's application for an order removing the prefiling requirements, and while that order was pending on appeal, Chaker filed yet another new litigation, *Chaker v. S.A.* (Super. Ct. San Diego County, 2019, No. 19FL009593C). In the final order denying Chaker relief in that action, filed November 14, 2019, the trial court noted that, although Chaker obtained permission to file that action, the permission obtained was "defective" because Chaker failed to comply with the September 15, 2015 prefiling order (requiring him to attach that order as part of any application to receive leave to file new litigation involving that adverse party). The court indicated it would likely dismiss Chaker's action on that basis had it been requested to do so, and denied Chaker all requested relief. Chaker filed a notice of appeal of that order, *Chaker v. S.A.* (Feb. 21, 2020, D077191), which was dismissed when Chaker's request for permission to appeal was denied.

11

if any there be, why he should be [*sic*] precluded from filing any additional motions, in light of the fact he has neither requested nor received permission from the Presiding Judge or his designee." The trial court noted that Chaker's conduct in the postjudgment collection litigation "[met] and exceed[ed] most if not all" of the definitional criteria for a vexatious litigant: i.e., one who "repeatedly relitigates or attempts to relitigate, in propria persona, . . . issues of fact or law, determined or concluded by the final determination against the same defendant . . . as to whom the litigation was finally determined" (§ 391, subd. (b)(2)); one who "repeatedly files unmeritorious motions . . . or engages in other tactics that are frivolous or solely intended to cause unnecessary delay" (§ 391, subd. (b)(3)); or one who "[h]as previously been declared to be a vexatious litigant by any state or federal court of record in any action or proceeding based upon the same or substantially similar facts, transaction, or occurrence" (§ 391, subd. (b)(4)). The trial court noted: "Instead of attempting to pay off the [final, nonappealable] judgment, [Chaker] has raised every possible roadblock to [opposing counsel's] lawful collection activities (while, it must be noted, interest continues to accrue at 10%). The motions he has filed have almost all been meritless, frivolous, dilatory and repetitive—the very paradigm of 'vexatious.' The motions also fit the definition of 'new litigation' envisioned in . . . sections 391(a), 391.7(a), and 391.7(d)." The trial court ordered the parties to submit briefing and set a hearing date for the order to show cause.

After a hearing, the trial court entered an order removing Chaker's pending motions from calendar and prohibiting him from filing additional motions without written prior approval of the civil presiding judge. The trial court reiterated that Chaker's postjudgment litigation conduct meets and exceeds nearly all of the definitional criteria for a vexatious litigant. The

court observed that "Chaker has not advanced any basis or argument as to why his pending motions should not be removed from the calendar. He does not present any reasonable challenge to his vexatious litigant determinations by other judges, or that he has successfully appealed those, or that he has had them set aside." The trial court analogized the present action to that in *Singh v. Lipworth* (2014) 227 Cal.App.4th 813, 816-817, inasmuch as Chaker was a vexatious litigant with no reasonable probability of prevailing in the litigation because the lawsuit amounted to an impermissible collateral attack on a prior final judgment and postjudgment orders. The trial court reiterated that Chaker continued to raise "every possible roadblock" in the proceedings, and that his filings were "meritless, frivolous, dilatory and repetitive—the very paradigm of 'vexatious.' " Finally, the trial court observed: "The San Diego Superior Court has endured [six] years of budget cuts which have reduced services to the bone. . . . The court cannot afford Mr. Chaker's continued efforts to make litigation his personal playground and tool for harassment. The court must have the ability to stop abusive tactics so it can pay attention to legitimate disputes."

In a subsequent order entered in March 2016 appointing a receiver in that case, the trial court described Chaker as "a proven (and unrepentant) vexatious litigant," noting that "Chaker has, instead of modulating the bullying conduct which gave rise to the vexatious litigant findings, sought to intimidate the court by threatening to post the court's (already publicly available) FPPC Form 700 on the internet, and by repeatedly writing to the [Council on Judicial Performance]. The court understands that his sister is a lawyer; and, of course, he was formerly represented in this case and evidently has counsel in other cases he is involved in. The papers he has filed display a high level of sophistication and fixation. The latter, of course, is often a

13

hallmark of the vexatious litigant." The trial court appointed a receiver for judgment collection, observing that such an action was only considered as a last resort and was justified in the case before it.[9] The trial court noted, "The court has observed, in some instances first hand, the lengths Mr. Chaker has gone to in his efforts to avoid answering for a just debt (a final non-appealable judgment). He has several aliases. He claims to use what is referred to as a 'throw-down' phone. He eschews the use of credit cards and bank accounts. He claims to have no assets. He has obstructed the judgment debtor process at every turn. In this regard, the court notes that of the 250-plus entries in the [register of actions], all but 60 are dated after the court granted the motion for attorneys' fees on appeal."

*Additional Requests to File New Litigation*

These additional prefiling orders were not the only incidents Chaker failed to disclose in his application to vacate the prefiling order and remove his name from the Judicial Council's list of vexatious litigants. When requested to list "every case filed in the last five years in which [Chaker has] been a plaintiff, cross-complainant, or defendant, the approximate number of motions [Chaker] filed in each case, and the number of requests for new litigation that [he has] filed," he disclosed one Los Angeles Superior Court case in which he was the plaintiff or cross-complainant and two cases in which he was named a defendant. However, Chaker failed to disclose at least three attempted appeals to this court filed in *Chaker v. Mateo* (Super. Ct. San Diego County, No. 37-2010-00094816-CU-DF-CTL): *Chaker v. Superior Court (Mateo)* (Feb. 19, 2015, D067490); *Chaker v. Mateo* (Sept. 30, 2015, D068886) appeal dismissed; and *Chaker v. Mateo* (Sept. 23, 2016, D071029) appeal

---

9    Chaker did not timely oppose the judgment creditor's motion to appoint a receiver.

dismissed; as well as a series of unsuccessful postjudgment motions and applications filed in the trial court in that action, which led to the imposition of yet another prefiling order against Chaker for his vexatious litigation tactics.

*Trial Court's Denial of Chaker's Application and Appeal*

In August 2018, the trial court entered an order denying Chaker's application without prejudice. The trial court found "Chaker's application does not demonstrate good cause for the requested relief at this time." Chaker appeals.

DISCUSSION

I.

*Challenges to the 1997 and 2001 Orders Are Not Cognizable on This Appeal*

Chaker appears to challenge both the original 1997 and 2001 orders, contending the trial court "erred by *initially* finding [Chaker] qualified [as a vexatious litigant] under section 391" and imposing a prefiling order, and further contending that "none of the [10 underlying cases identified in his brief] were found to be meritless."[10] (Italics added.) Specifically with respect

---

10    The statute requires the prior lawsuits to be "finally determined adversely to the person." (§ 391, subd. (b)(1).) "A litigation is finally determined adversely to a plaintiff if he does not win the action or proceeding he began, including cases that are voluntarily dismissed by a plaintiff." (*Garcia v. Lacey* (2014) 231 Cal.App.4th 402, 406; see also *Fink v. Shemtov* (2010) 180 Cal.App.4th 1160, 1173-1174 (*Fink*) [in propria persona appeal dismissed as untimely is a litigation finally determined adversely to plaintiff, for purposes of the determination that plaintiff was a vexatious litigant].) Chaker's request for judicial notice includes seven orders dismissing his actions, three adverse judgments, an adverse order granting opposing party's motion to dismiss, and an adverse order sustaining opposing party's demurrer. Each of these represents a determination adverse to Chaker, satisfying the statutory requirements under section 391, subdivision (b)(1).

15

to the 2001 order, Chaker contends the trial court erred when it declared him to be a vexatious litigant because he was represented by counsel when the case was initially filed.

We reject Chaker's efforts to attack the validity of the underlying orders. "It is well established that an appellate court may not review a decision or order from which an appeal could previously have been taken." (*In re Marriage of Rifkin & Carty* (2015) 234 Cal.App.4th 1339, 1347 (*Rifkin*).) The 1997 and 2001 orders were subject to appellate review in the actions in which they were issued. (*In re Marriage of Deal* (2020) 45 Cal.App.5th 613, 618-619 [order declaring a person to be a vexatious litigant is reviewable on appeal from subsequent appealable judgment or order issued in that action].) We are not authorized to review them now— 23 years and 19 years, respectively, after they were entered. (§ 906 ["Upon an appeal pursuant to Section 904.1 or 904.2, the reviewing court may review the verdict or decision and any intermediate ruling, proceeding, order or decision which involves the merits or necessarily affects the judgment or order appealed from or which substantially affects the rights of a party, including, on any appeal from the judgment, any order on motion for a new trial . . . . The provisions of this section do not authorize the reviewing court to review any decision or order from which an appeal might have been taken."].) Chaker's arguments regarding the underlying orders declaring him to be a vexatious litigant and imposing a prefiling order therefore fail.

## II.

### *Chaker's Request to Vacate the Prefiling Orders*

A. *Legal Principles*

"The vexatious litigant statutes (§§ 391-391.7) are designed to curb misuse of the court system by those persistent and obsessive litigants who,

16

repeatedly litigating the same issues through groundless actions, waste the time and resources of the court system and other litigants." (*Shalant v. Girardi* (2011) 51 Cal.4th 1164, 1169 (*Shalant*).) Under section 391, subdivision (b), a vexatious litigant is "a person who has, while acting in propria persona, initiated or prosecuted numerous meritless litigations, relitigated or attempted to relitigate matters previously determined against him or her, repeatedly pursued unmeritorious or frivolous tactics in litigation, or who has previously been declared a vexatious litigant in a related action." (*Shalant*, at pp. 1169-1170.)

If an individual is determined to be a vexatious litigant, the court may " 'enter a "prefiling order" that prohibits a vexatious litigant from filing any new litigation in propria persona without first obtaining permission from the presiding judge.' " (*Shalant, supra*, 51 Cal.4th at p. 1170.) The prefiling order " ' "operates beyond the pending case." ' " (*Ibid.*) The statutes define " 'litigation' " as "any civil action or proceeding, commenced, maintained or pending in any state or federal court." (§ 391, subd. (a).) For purposes of section 391.7, " 'litigation' includes any petition, application, or motion other than a discovery motion, in a proceeding under the Family Code or Probate Code, for any order." (§ 391.7, subd. (d).)

"A vexatious litigant subject to a prefiling order under Section 391.7 may file an application to vacate the prefiling order and remove his or her name from the Judicial Council's list of vexatious litigants subject to prefiling orders." (§ 391.8, subd. (a).) "A court may vacate a prefiling order and order removal of a vexatious litigant's name from the Judicial Council's list of vexatious litigants subject to prefiling orders upon a showing of a material change in the facts upon which the order was granted and that the ends of justice would be served by vacating the order." (*Id.*, subd. (c).)

17

A trial court has discretion to enter a prefiling order against a litigant who has been determined to be vexatious. (§ 391.7, subd. (a) [the court, on its own motion or the motion of a party, "*may* . . . enter a prefiling order"], italics added; see *Bravo v. Ismaj* (2002) 99 Cal.App.4th 211, 219.) "Review of the order is accordingly limited and the Court of Appeal will uphold the ruling if it is supported by substantial evidence. Because the trial court is best suited to receive evidence and hold hearings on the question of a party's vexatiousness, we presume the order declaring a litigant vexatious is correct and imply findings necessary to support the judgment." (*Golin v. Allenby* (2010) 190 Cal.App.4th 616, 636 (*Golin*); accord *Bravo*, at p. 219.)

A trial court likewise has discretion to vacate a prefiling order and to order the removal of a vexatious litigant's name from the Judicial Council's list of vexatious litigants subject to prefiling orders. (§ 391.8, subd. (c) ["[a] court *may* vacate a prefiling order"], italics added.) As such, we apply the same standard of review as that for an order imposing a prefiling order. We presume the order is correct, and imply findings necessary to support the judgment when there is substantial evidence to support them. (*Golin*, *supra*, 190 Cal.App.4th at p. 636.)[11]

B. *Analysis*

Chaker contends the trial court erred when it denied his application to vacate the prefiling orders and order removal of his name from the Judicial

---

[11]    The trial court's order denying Chaker's section 391.8 application to be removed from the statewide vexatious litigant list is appealable as an order refusing to dissolve an injunction. (§ 904.1, subd. (a)(6).)

18

Council's list of vexatious litigants subject to prefiling orders. We reject Chaker's claims of error.[12]

Chaker's application neglected to disclose judicially noticeable documents reflecting his continued abuse of the litigation process. At least two *additional* orders finding Chaker to be a vexatious litigant and imposing *new* prefiling orders were issued in 2015. In addition, Chaker filed numerous motions and applications in San Diego Superior Court case Nos. D543061 and 37-2010-00094816 which precipitated imposition of these new prefiling orders, as well as multiple attempted appeals. These motions, applications, and appeals qualify as "new litigation" and are encompassed by the vexatious litigant statutes. (See §§ 391.7, subds. (a), (b), 391 subd. (a); see also *John v. Superior Court* (2016) 63 Cal.4th 91, 100 (*John*) [appeals and writs filed by vexatious litigants are subject to the prefiling requirement if the vexatious litigant was the party who initiated the action below, but "[s]ection 391.7's prefiling requirements do not apply to a self-represented vexatious litigant's appeal of a judgment or interlocutory order in an action in which he or she was the defendant"].) These facts should have been disclosed to the trial court in his application to dissolve the prefiling order, but Chaker failed to disclose them.

Aside from the lack of transparency Chaker displayed, the application itself was insufficient to justify relief. Although Chaker argued in his application that a material change in the facts amounted to good cause to vacate the prefiling order, he did not argue that vacating the prefiling order would further the ends of justice. Under the statute, these two requirements must both be addressed and satisfied. (§ 391.8, subd. (c) [authorizing a court

---

12    However, as discussed in Section III *post*, we conclude modification of the 2001 prefiling order is warranted.

to vacate a prefiling order only upon a showing of a material change in the facts upon which the order was granted *and* that the ends of justice would be served by vacating the order].) Absent a showing that vacating the prefiling order would further the ends of justice, Chaker was not entitled to relief. The trial court was therefore justified in impliedly finding Chaker did not make the required showing that " 'the ends of justice would be served' " by vacating the prefiling order. (*Rifkin*, *supra*, 234 Cal.App.4th at p. 1346 [appellate court presumes the challenged order regarding a vexatious litigant is correct and implies findings necessary to support the judgment].)[13]

Chaker's arguments in support of reversal are unpersuasive. Chaker contends "no evidence was before the court" to show he qualified as a vexatious litigant, thus the trial court abused its discretion when it declined to dissolve the prefiling order. As discussed *ante*, to the extent Chaker is merely attacking issuance of the underlying order, his claim is not reviewable in this appeal. Moreover, his claim fails because there is ample evidence supporting the multiple trial court findings that Chaker is a vexatious litigant. The evidence demonstrates there has not been "a material change in the facts" that would justify vacating the prefiling order or that the ends of justice would be served by vacating the order. (§ 391.8, subd. (c).) To the contrary, the record shows that Chaker has continued to employ the same abusive litigation tactics that initially led to his vexatious litigant designation more than two decades ago. In addition, Chaker's failure to disclose all relevant evidence in the trial court and on appeal "waste[s] the

---

[13] Chaker's brief on appeal is completely silent regarding the second conjunctive requirement of the statute, further demonstrating that his claim of error has no merit.

time and resources of the court system." (*Shalant*, *supra*, 51 Cal.4th at p. 1169.)

We also reject Chaker's contention that "section 391[,] as applied to [him,] is unconstitutional since it does not comport with any state interest preventing meritless actions." Chaker appears to contend the prefiling order impermissibly chills his First Amendment right to free speech. Preliminarily, we note that Chaker forfeited this claim by failing to raise it in the trial court. (*In re Sheena K.* (2007) 40 Cal.4th 875, 889 [noting that facial constitutional challenges may be raised for the first time on appeal, unlike as-applied challenges that do not present " ' "pure questions of law that can be resolved without reference to the particular [facts]" ' "].)

Even if Chaker had preserved this claim, it lacks merit. Courts have repeatedly rejected free speech and due process challenges to California's vexatious litigant statutes. (See, e.g., *In re R.H.* (2009) 170 Cal.App.4th 678, 701, 703 [rejecting free speech and due process challenges to the vexatious litigant statutes], disapproved on other grounds in *John*, *supra*, 63 Cal.4th at p. 99, fn. 2; *Fink*, *supra*, 180 Cal.App.4th at pp. 1170-1171 [vexatious litigant statutes do not violate constitutional due process]; *Wolfe v. George* (9th Cir. 2007) 486 F.3d 1120, 1125 [California's vexatious litigant statute is not unconstitutionally overbroad because "there is no constitutional right to file frivolous litigation" under the First Amendment]; see also *Bill Johnson's Restaurants, Inc. v. N.L.R.B.* (1983) 461 U.S. 731, 743 ["Just as false statements are not immunized by the First Amendment right to freedom of speech [citations], baseless litigation is not immunized by the First Amendment right to petition."].) Chaker has not shown how applying the vexatious litigant statutes to him is inconsistent with the First Amendment.

We thus reject Chaker's meritless constitutional challenge to the vexatious litigant statutes.

## III

### *Modification of the 2001 Prefiling Order*

In the trial court, Chaker's application to vacate the prefiling order alternatively requested that the trial court "vacate" as invalid "that portion of the [2001] pre-filing order . . . that Chaker not file any new lawsuits even if he is represented by counsel." While we disagree that that portion of the prefiling order should be stricken altogether, we agree the 2001 order should be modified to narrowly tailor it to apply (1) in cases *Nero v. Conam Management Corporation* (Super. Ct. San Diego County, 2001, No. GIC757326) and *Chaker v. S.A.* (Super. Ct. San Diego County, 2015, No. D543061); (2) in any related litigation filed against any adverse party in cases *Nero v. Conam Management Corporation* (Super. Ct. San Diego County, 2001, No. GIC757326) and *Chaker v. S.A.* (Super. Ct. San Diego County, 2015, No. D543061); and (3) in any other litigation previously filed by Chaker where the trial court has found that Chaker has attempted to circumvent section 391.7 by retaining counsel to serve as a mere " 'puppet' attorney" (*Kinney v. Clark* (2017) 12 Cal.App.5th 724, 738 (*Kinney*)), and in any related litigation filed against any adverse party in such cases.[14] By tailoring the prefiling order in this manner, however, we stress that the trial court is not precluded from making orders pursuant to its inherent authority in response to any further abuses of the litigation process by Chaker—whether he is

---

[14]    We are unable to more precisely identify the litigation covered by the prefiling order because Chaker has not presented a complete record to this court.

proceeding in propria persona or is represented by counsel—in any future litigation.

A. *Legal Principles*

In *Shieh*, the Court of Appeal imposed a prefiling order on a vexatious litigant, forbidding the litigant from filing "any new litigation in the courts of this state, whether in propria persona or through an attorney, without first obtaining leave of the presiding judge of the court in which he proposes to file the litigation." (*Shieh*, *supra*, 17 Cal.App.4th at pp. 1167-1168.) The court found that the breadth of this order, encompassing litigation filed both in propria persona or through an attorney, was justified by the findings that the litigant "does not engage attorneys as neutral assessors of his claims, bound by ethical considerations not to pursue unmeritorious or frivolous matters on behalf of a prospective client. [Citation.] Rather, these attorneys who ostensibly 'represent' [the litigant] serve as mere puppets. Based on these facts, we conclude a prefiling order limited to [the litigant's] in propria persona activities would be wholly ineffective as a means of curbing his out-of-control behavior." (*Id.* at p. 1167.)

Subsequently, in *Shalant*, *supra*, 51 Cal.4th 1164, the California Supreme Court observed that "[s]ection 391.7 . . . is not reasonably susceptible to a reading under which a prefiling order would bar the vexatious litigant from filing motions or other papers in propria persona even when the action . . . was itself properly filed through counsel." (*Id.* at p. 1175.) The court noted that "[n]othing in the prefiling order prohibits Shalant from continuing to *prosecute* or *maintain* an action in propria persona as long as he did not *file* the action in propria persona (*and nothing in the statutory language would authorize the issuance of a prefiling order containing such a prohibition*)." (*Id.* at p. 1171, third italics added.)

23

However, the Supreme Court "express[ed] no opinion as to whether section 391.7 may be applied when the record shows the vexatious litigant's attorney has, in filing the action, acted as a 'mere puppet[]' of the litigant. ([*Shieh, supra,*] 17 Cal.App.4th [at p.] 1167.) The trial court made no such finding in dismissing Shalant's action, and defendants, though they cite *Shieh* as supporting a broad interpretation of section 391.7, do not argue the dismissal should be affirmed on grounds the attorney who filed this action was merely a puppet for Shalant." (*Id*. at p. 1176, fn. 8.)

In *Kinney*, the court opined that "Section 391.7 applies where a 'puppet' attorney files new litigation on behalf of a vexatious litigant," and further opined that, even after *Shalant*, "*Shieh* remains good law." (*Kinney, supra*, 12 Cal.App.5th at pp. 738-739.) However, *Kinney* alternatively reasoned that, "irrespective of section 391.7, the court has inherent powers to control judicial proceedings to ensure the administration of justice and prevent abuse of the judicial process," and, in light of the vexatious litigant's use of "a 'puppet' attorney" to continue to abuse the litigation process, imposed a new, expanded prefiling order "providing that, even when [the vexatious litigant] is represented by counsel, he must seek leave of the presiding judge before filing any new litigation in a court of this state against [defendant] or the attorneys who have been representing her or represent her in the future in [related] litigation . . . ." (*Id*. at pp. 738, 741.) The court emphasized that "[t]he expansion of the prefiling order that we impose today is narrowly tailored to the circumstances before us" in that it "only applies to litigation [the vexatious litigant's] attorneys file against [defendant] or her attorneys." (*Id*. at p. 741.)

B. *Analysis*

Chaker contends the trial court erred when it failed to strike the portion of the 2001 prefiling order applying the requirement to all litigation, whether initiated in propria persona or through counsel.  He contends the order's language purporting to bar him from initiating new litigation through counsel conflicts with the plain language of section 391.7, subdivision (a), which "prohibits a vexatious litigant from filing any new litigation in the courts of this state *in propria persona* without first obtaining leave of the . . . presiding judge of the court where the litigation is proposed to be filed."  (Italics added.)

*Shalant* observed that "[s]ection 391.7 . . . is not reasonably susceptible to a reading under which a prefiling order would bar the vexatious litigant from filing motions or other papers in propria persona even when the action . . . was itself properly filed through counsel," and "nothing in the statutory language would authorize the issuance of a prefiling order containing such a prohibition."  (*Shalant, supra*, 51 Cal.4th at pp. 1171, 1175.)  Thus, we agree with Chaker's contention that the plain language of section 391.7 does not authorize a prefiling order that applies to new litigation which is filed by someone who is represented by counsel.  However, "irrespective of section 391.7, the court has inherent powers to control judicial proceedings to ensure the administration of justice and prevent abuse of the judicial process."  (*Kinney, supra*, 12 Cal.App.5th at p. 738.)

As in *Kinney*, the record here demonstrates that an expanded prefiling order is necessary to "control the orderly administration of justice and prevent abuse of the judicial process."  (*Kinney, supra*, 12 Cal.App.5th at p. 741.)  Thus, we disagree with the scope of relief requested by Chaker, and instead opt to more narrowly tailor the prefiling order based on the record

25

before us.  The record demonstrates that Chaker has at least twice been found to use attorneys as "mere puppets" to pursue litigation in circumvention of section 391.7.  In 2001 in case No. GIC757326, the trial court imposed the broad prefiling requirement pursuant to *Shieh*, implicitly finding that Chaker had engaged his attorney not as a neutral assessor of his claims, bound by ethical considerations, but rather as a "mere puppet[]" serving only at Chaker's whim.  In its 2015 order finding Chaker's conduct to be vexatious, dismissing his petition, and imposing a new prefiling order, the trial court in case No. D543061 expressly found that the attorney who represented Chaker when he initiated the litigation "was at best a 'passive attorney,' appearing as a mere 'puppet.'  If he was employed at all, his presence served the sole purpose of evading [the vexatious litigant] prefiling orders."

Although the record here demonstrates that an expanded prefiling order is necessary, we agree that the order should be narrowly tailored. (*Kinney*, *supra*, 12 Cal.App.5th at p. 741.)  The 2001 prefiling order is a continuing injunction against Chaker, which can be modified to comport with the language of the statute and governing case law.  (See § 533 [modification of an injunction may be predicated on change in the facts, change in the law, or the ends of justice]; *Luckett v. Panos* (2008) 161 Cal.App.4th 77, 85 [vexatious litigant prefiling order is an injunction subject to modification pursuant to section 533]; *Banks v. State of California* (1993) 14 Cal.App.4th 1147, 1149-1150 [modifying vexatious litigant prefiling order].)  "[W]here there has been a change in the controlling facts upon which a permanent injunction was granted, or the law has been changed, modified or extended, or where the ends of justice would be served by modification or dissolution, the court has the inherent power to vacate or modify an injunction where the

circumstances and situation of the parties have so changed as to render such action just and equitable." (*Welsch v. Goswick* (1982) 130 Cal.App.3d 398, 404.) Based on this record, we modify the trial court's order consistent with this opinion.

## IV

### *Proceedings on Rehearing*

On October 8, 2020, an opinion was filed in this case. Like this opinion, the initial opinion took judicial notice of the portions of the superior court files referenced *ante*, concluded the trial court did not abuse its discretion in refusing to vacate the prefiling orders, and modified the 2001 prefiling order. Chaker subsequently filed a petition for rehearing. Among other claims, Chaker contended this court should not have taken judicial notice of the portions of the superior court files. He argued that, if he was aware the court would take judicial notice of superior court records, he would not have waived his right to oral argument before this court. At this court's request, the Superior Court filed a response to Chaker's rehearing petition, arguing it was appropriate for this court to take judicial notice of the superior court records, and further arguing rehearing was not necessary.

On November 6, we granted Chaker's petition in part, vacated our opinion filed October 8, 2020, and ordered rehearing solely on the issue of whether judicial notice may be taken of the superior court files referenced in the opinion. (Cal. Rules of Court, rule 8.268.) We invited the parties to file a supplemental brief addressing whether judicial notice may be taken of the superior court files referenced in our initial opinion. We also provided the parties an opportunity to request oral argument.

Chaker requested oral argument and filed a supplemental brief, arguing it is improper to take judicial notice without prior notice and the

records are not subject to judicial notice because they contain "disputed facts." He further argued the "records in dispute" are irrelevant to a determination of whether Chaker "had filed meritless lawsuits" and should "still qualify" as a vexatious litigant under section 391. He further contended the records failed "to correlate to 'puppet attorney conduct.' " Chaker appeared for oral argument in April 2021.

We reject Chaker's contentions raised on rehearing. The Evidence Code permits this court to take judicial notice of the court records discussed above. (Evid. Code, §§ 452, subd. (d)(1), 459.) "We may take judicial notice of the *existence* of judicial opinions and court documents, along with the truth of the results reached—in the documents such as orders, statements of decision, and judgments—but cannot take judicial notice of the truth of hearsay statements in decisions or court files, including pleadings, affidavits, testimony, or statements of fact." (*Williams v. Wraxall* (1995) 33 Cal.App.4th 120, 130, fn. 7.) These principles apply in cases involving vexatious litigants. (See *Kinney, supra*, 12 Cal.App.5th at p. 727, fns. 1, 2; *id.* at p. 739, fn. 14 [appellate court sua sponte took judicial notice of trial court orders and appellate court opinions from vexatious litigant's prior lawsuits]; *In re Kinney* (2011) 201 Cal.App.4th 951, 954, fn. 3 [taking judicial notice on appeal of prior order "declaring Kinney a vexatious litigant, and the motion underlying that order," as well as other superior court files and appellate opinions stemming from six separate cases, noting that the "judicially noticed files and opinions are matters leading to the present proceeding"].)

Consistent with these authorities, we take judicial notice of the relevant superior court records for a limited purpose. We are not taking judicial notice of the truth of all of the matters stated in the documents, but rather look to the existence of these orders and the fact that they were made,

28

for purposes of evaluating whether the trial court erred in denying Chaker's request to vacate the prefiling orders. Contrary to Chaker's contentions and as fully discussed *ante*, the orders demonstrate the propriety of the trial court's refusal to vacate the prefiling orders and evidence Chaker's use of "puppet" attorneys on at least two prior occasions. They are both relevant and appropriate subjects of judicial notice.

DISPOSITION

The order denying Chaker's application to vacate the prefiling orders and remove his name from the Judicial Council's list of vexatious litigants subject to prefiling orders is modified to direct that the 2001 prefiling order be amended as follows:

The 2001 order shall be amended such that the portion of the order that previously provided that the court "enters a pre-filing order which prohibits [Chaker] from initiating any new litigation in any court in the State of California, whether in propria persona or represented by counsel, without first obtaining leave of the presiding judge of the court where the litigation is proposed to be filed with notice to the affected party" shall provide that the court "enters a prefiling order which prohibits Chaker, under any name or alias, from initiating any new litigation in any court in the State of California in propria persona without first obtaining leave of the presiding judge of the court where the litigation is proposed to be filed with notice to the affected party." In addition, whether Chaker is proceeding in propria persona or is represented by counsel, the prefiling order applies: (1) in cases *Nero v. Conam Management Corporation* (Super. Ct. San Diego County, 2001, No. GIC757326) and *Chaker v. S.A.* (Super. Ct. San Diego County, 2015, No. D543061); (2) in any related litigation filed against any adverse party in cases *Nero v. Conam Management Corporation* (Super. Ct. San Diego County,

29

2001, No. GIC757326) and *Chaker v. S.A.* (Super. Ct. San Diego County, 2015, No. D543061); and (3) in any other litigation previously filed by Chaker where the trial court has found that Chaker has attempted to circumvent section 391.7 by retaining counsel to serve as a mere " 'puppet' attorney" (*Kinney, supra,* 12 Cal.App.5th at p. 738), and in any related litigation filed against any adverse party in such cases.

As modified, the order denying Chaker's application to vacate the prefiling orders and remove his name from the Judicial Council's list of vexatious litigants subject to prefiling orders is affirmed.


                                                        GUERRERO, J.

WE CONCUR:



BENKE, Acting P. J.



AARON, J.